The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer is self-insured with Key Risk Management Services serving as the servicing agent.
4. Plaintiff's average weekly wage is as set forth on the Form 22 Wage Chart.
5. Plaintiff is alleging an injury by accident on February 2, 1992, resulting in an alleged injury to his back.
6. The defendant-employer has denied liability and the issue to be determined by the Commission is whether plaintiff in fact suffered an injury by accident or a specific traumatic incident as alleged.
7. The parties further stipulated to the introduction of plaintiff's medical records into evidence in lieu of taking depositions.
* * * * * * * * * * *
The Full Commission makes the following Findings of Fact:
FINDINGS OF FACT
1. Plaintiff testified at the hearing that he was injured at work on February 2, 1992, at approximately 11:00 p.m. Plaintiff testified that his back pain began and was associated with the lifting and turning of a specific carton of chemicals.
2. Plaintiff did not work on February 2, 1992. In fact, as shown by the records of Defendant employer, plaintiff did not work on either February 1, February 2 or February 3, 1992.
3. An accident claim investigation report was prepared by the employer. During the investigation of this alleged injury, plaintiff was asked during a meeting if there was any single incident that had initiated the pain such as falling, slipping or lifting a particular carton wrong. Plaintiff stated that there was no single event that initiated pain and that the pain had begun gradually and had gotten progressively worse throughout the shift.
4. Plaintiff gave a similar statement to David Cox, the claims adjuster.
5. For at least two (2) years before the alleged date of the accident, plaintiff wore back braces at work. A letter from Dr. Randy O. Kritzer to Dr. Ajay Kumar dated March 5, 1992, recounts history given by plaintiff to him on March 5, 1992. That letter contains the following statement in the first paragraph: "As you are aware, Mr. Wright is a 48 year old gentleman who is here for the evaluation of right hip and leg difficulty. This has been intermittent for a number of years but has been becoming more severe over the last six months. He lived with it until approximately seven weeks ago when he mentioned it to you, you treated his with rest and PRN pain medication which gave him no significant improvement." The history as given to Dr. Kritzer by plaintiff is perfectly consistent with Dr. Kumar's note of February 5, 1992, as found on page thirty-five (35) of the stipulated medical records.
6. Plaintiff presented no testimony from any physician that would conclude that plaintiff's back injury resulted from an incident that occurred on February 2, 1992. Plaintiff did not suffer an injury by accident or a specific traumatic incident on February 2, 1992.
7. While it is true that the parties, Deputy Commissioner and Court Reporter were "evicted" from the hearing room prior to the conclusion of Plaintiff's rebuttal case, it is clear that the Deputy Commissioner indicated that the hearing could be moved to another room or continued at a later date. It is likewise clear that Plaintiff waived further rebuttal, did not depose medical witnesses as allowed by the Deputy Commissioner, and merely relied on the stipulated medical records. In his Motion for a new hearing, Plaintiff's counsel attached letters from two of the Doctors who attempted to change what they said in their medical records. This is not newly discovered evidence. This material could have been elicited from the doctors in deposition had Plaintiff's counsel chosen to go the deposition route. Instead, he stipulated to the medical records and is bound by what he stipulated to. It was only after the Deputy Commissioner entered his Opinion and Award that Plaintiff obtained the letters from the Doctors attempting to explain away some statements in their medical records. Plaintiff has had a full opportunity to develop his case. It was only after he lost that he complained about not being able to put on his rebuttal witnesses. During the actual hearing, Plaintiff's counsel made it clear that he would let the other parties know if he felt he needed to present the rebuttal witnesses and yet he did not let them know until after the record was closed and the Deputy Commissioner's Opinion and Award was entered several months later. The transcript shows: MR. ANDREWS: "I have some witnesses that I subpoenaed over there, Your Honor, but I'll consult with Mr. Wright, and we might be able to forego any rebuttal witnesses; but if we do need them, we'll give Mr. Brotherton a call." Tr. p. 110, L6-10.
8. Plaintiff failed to prove that he suffered an injury on the job and failed to prove that the medical treatment he received was related to any on-the-job injury. Assuming, arguendo, that the letters from the two doctors were a part of the stipulated medical records, such records still do not say the conditions being treated were caused by any on-the-job injury.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. Causation in a complex medical situation such as a back injury must be established through competent expert medical testimony.Gillikin v. Burbage, 263 N.C. 317, 139 S.E.2d 753 (1965) andClick v. Pilot Freight Carriers, 300 N.C. 164, 265 S.E.2d 389
(1980).
2. Such causation has not been established in this case and, consequently, plaintiff has failed in his burden of proof.
3. Plaintiff also failed to prove that he suffered an injury by accident or an injury resulting from a specific traumatic incident.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Since plaintiff failed to prove an injury by accident or as a result of a specific traumatic incident, his claim for workers' compensation benefits is hereby DENIED.
2. Plaintiff's Motions for Reconsideration and for a Rehearing are both DENIED as is Defendant's Motion to dismiss this Appeal.
3. Each side shall pay its own costs.
 S/ _________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER
DISSENTING:
S/ _________________ COY M. VANCE COMMISSIONER