The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Bernadine S. Ballance. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
The parties are subject to and bound by the North Carolina Workers' Compensation Act.
An employer-employee relationship existed between the plaintiff and the defendant-employer on 24 April 1990.
The carrier on the risk at the time of the injury was The PMA Group.
On 24 April 1990, plaintiff sustained an injury by accident arising out of and in the course of his employment when he fell and injured his back.
Plaintiff no longer works for defendant-employer.
A recorded statement of plaintiff taken on 22 September 1992 is stipulated into evidence.
All medical and vocational records concerning the plaintiff are stipulated into evidence.
All Industrial Commission records concerning the plaintiff are stipulated into evidence.
The issues for trial in this case are:
 a) Is plaintiff's present disability, if any, causally related to his injury of 24 April 1990?
b) To what benefits, if any, is plaintiff entitled?
* * * * * * * * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
At the time of the hearing plaintiff was forty-eight years old and had a ninth-grade education. He had been employed by defendant-employer as a diesel and heavy equipment mechanic for approximately two years. All of plaintiff's previous employment was as a mechanic.
On 24 April 1990, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment when he fell and injured his back.
After the accident plaintiff was immediately transported to the emergency room at Halifax Memorial Hospital. The emergency room physician referred plaintiff to Dr. Ganesh Bissram, an orthopaedic surgeon, because plaintiff was complaining of back pain.
After an initial examination and a review of x-rays of plaintiff's back, Dr. Bissram diagnosed acute low back strain and noted that plaintiff had degenerative changes of the lumbosacral spine. Plaintiff was discharged from the hospital on 26 April 1990 with instructions to take muscle relaxants and analgesics as needed.
On 10 May 1990, a CAT scan was taken which showed minimal spondylosis of the lumbar spine with no evidence of herniation, disc protrusion or disc bulge.
On 7 June 1990, plaintiff was released to return to his regular work with no restrictions. On 30 July 1990, Dr. Bissram indicated that plaintiff only had occasional pain and that no permanent partial impairment rating was expected. Plaintiff was released from Dr. Bissram's care with instructions to return as needed.
Plaintiff did not return to Dr. Bissram's care. He resumed his work for defendant-employer and continued to work until 28 June 1991.
In approximately March 1991, plaintiff began to experience chest pains and visited the emergency room at Halifax Memorial Hospital on several occasions complaining of chest pain. In August 1991, plaintiff had open-heart bypass surgery at Wake Medical Center in Raleigh. Plaintiff was treated by Dr. Natarajan Manickam, a cardiologist, from 10 September 1991 through 11 January 1993. At his last regular visit with Dr. Manickam, plaintiff complained of chest and left arm pain, and hot flashes. Dr. Manickam noted that plaintiff's blood pressure was high and increased his medication. Dr. Manickam also saw plaintiff a number of times in 1993 and 1994 on an emergency basis when plaintiff went to the emergency room complaining of chest pain.
Dr. Manickam opined that plaintiff is incapable of returning to work with defendant-employer due to his current heart problems.
Plaintiff began visiting Dr. Nelson Thaduu Lean Macedo, a neurosurgeon, beginning on 19 December 1991 for lumbar back pain. He told Dr. Macedo that he had been having back pain off and on for the past few months. He did not relate the pain to any injury. He also complained of left leg and foot pain and numbness which had developed after his open heart surgery. He described his back pain as worse than the leg pain.
Dr. Macedo reviewed a CT scan previously ordered by Dr. Manickam which revealed irregularities at the L4-L5 disc space. A myelogram and CT post myelogram of 24 January 1992 revealed that the disc at L4-L5 was bulging and impinging on the nerve root.
Plaintiff began to visit Dr. E.O. Marsigli, an orthopaedic surgeon, on 28 January 1992 upon referral from Dr. Macedo. Plaintiff complained that he had been suffering from back and left leg pain for a long time. He told Dr. Marsigli that he had an injury two years prior but did not specify how he was injured. After an examination, Dr. Marsigli diagnosed probable lumbar discogenic syndrome.
On 14 February 1992 Dr. Macedo performed a laminectomy on plaintiff to decompress the nerve root, and Dr. Marsigli performed a spinal fusion to strengthen that area in the spine.
Insufficient evidence was presented with which to determine if this surgery was the direct and natural result of plaintiff's injury by accident of 24 April 1990.
Dr. Macedo regularly followed plaintiff's progress until 30 April 1992. He opined that plaintiff retained a 25% permanent partial impairment to his lumbar back due to the laminectomy and fusion surgery.
Dr. Marsigli regularly followed plaintiff's progress until 19 January 1993. At that time plaintiff had reached maximum medical improvement and was discharged from Dr. Marsigli's care. He opined that plaintiff could return to work if the job did not involve lifting over 35 pounds, climbing ladders, crawling under buildings or stooping for long periods of time.
Dr. Marsigli describes his involvement with plaintiff's care as that of a consultant and identifies Dr. Macedo as plaintiff's primary caregiver. He did not know that plaintiff's was a workers' compensation case until he received notice of his deposition. Dr. Marsigli deferred to Dr. Macedo's opinion with respect to a permanent partial impairment rating. He however noted that patients who undergo similar procedures generally retain a 20% to 25% permanent partial impairment rating to the lumbar spine.
Because Dr. Marsigli considered himself a consultant in plaintiff's care, he declined to offer an opinion as to causation.
Dr. Macedo did not give an opinion as to whether plaintiff should be under any restrictions, saying that Dr. Marsigli should offer that opinion. He noted he could not determine if plaintiff would be under any restrictions until plaintiff had a functional capacities evaluation.
Dr. Macedo did not offer an opinion as to whether plaintiff's February 1992 lumbar surgery and resulting disability was caused by his injury by accident of April 1990.
Insufficient evidence was presented from which to determine whether Dr. Macedo released plaintiff or whether plaintiff stopped going to him.
There is insufficient evidence from which to determine if the back surgery of 14 February 1992 was direct and natural result of plaintiff's injury by accident of 24 April 1990.
* * * * * * * * * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
The plaintiff has failed to meet his burden of proving that the accident of 24 April 1990 caused the lumbar back condition and disability for which he now seeks compensation. N.C. Gen. Stat. § 97-2 (6). The plaintiff bears the burden of proving by expert medical testimony that his lumbar back condition was caused by or the direct and natural consequence of the April 1990 injury. Click v. Pilot Freight Carriers, Inc.,300 N.C. 164 (1980).
Plaintiff has not proven by the greater weight of the evidence that he has sustained a change of condition. N.C. Gen. Stat. § 97-47.
Plaintiff's compensable back injury of 24 April 1990 did not cause any permanent partial disability. N.C. Gen. Stat. § 97-30.
* * * * * * * * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
Plaintiff's claim for disability and medical compensation is DENIED.
Each side shall bear its own costs.
FOR THE FULL COMMISSION
 S/ __________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________ J. RANDOLPH WARD COMMISSIONER
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj 6/4/96