The Deputy Commissioner found an injury by accident — a slip and fall in oil at work — and the key controversy is whether the surgery on plaintiff's cervical spine three days later was necessitated by an injury sustained in that fall. For some weeks prior to the fall, the claimant had symptoms in his arms and carpal tunnel syndrome was suspected. However, the equivocal symptoms led his physician to "prefer to have an EMG study to confirm his medial nerve symptom etiology prior to consideration for injecting or surgery." Tr. p. 45. That decision, made on July 13, 1993, led to tests on July 20 — the day after the fall. These were aborted due to the claimant's discomfort and an immediate MRI was arranged that revealed "a very large disk herniation at [C]4-5, hospitalization and surgery on the 21st. Plaintiff's wife testified without objection that the need to do surgery was determined at that time and carried out immediately out of concern that paralysis might result from delay. Based on the testimony of plaintiff's supervisor that the doctor visit was pre-planned and that surgery was in prospect, the Deputy Commissioner found that the surgery had been planned prior to the fall for unrelated reasons. It is a notorious fact that impingement in the cervical spine can produce symptoms in the arms that are clinically suggestive of carpal tunnel syndrome. It may be that the condition of plaintiff's cervical spine and the necessity for surgery preceded the fall and had nothing to do with it. On the other hand, if the condition of the spine was aggravated, accelerated or precipitated by the fall, the condition is compensable. These are questions that are routinely put to the surgeon or other treating physicians in spine injury claims, and are typically necessary for the Commission to make a decision on grounds other than failure of proof. Click v.Pilot Freight Carriers, Inc., 300 N.C. 164, 265 S.E.2d 389
(1980). Plaintiff argues that defendant failed to offer "any evidence to establish that plaintiff did not sustain his neck injury from . . . his slip and fall accident on July 19, 1993", but the burden is on the plaintiff to show that he did.
Wherefore, IT IS ORDERED that the record is RE-OPENED for a period of 60 days for the deposition (s) of plaintiff's treating physician (s)and associated exhibits. The Full Commission will retain the file and enter a decision when the period ends. Motions concerning further submission of evidence or the period for offering evidence shall be addressed to the undersigned.
 S/ _____________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _____________________ LAURA K. MAVRETIC COMMISSIONER
S/ _____________________ COY M. VANCE COMMISSIONER
JRW:md