The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing, in a Form 21 Agreement signed by the carrier on November 17, 1992 and the plaintiff on November 23, 1992, and submitted to and approved by the Industrial Commission on January 8, 1993, and in a Pre-Trial Agreement dated July 25, 1994, as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Maryland Insurance Group was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $220.00, yielding a compensation rate of $146.67 per week.
5. On October 30, 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
6. Plaintiff was paid at the rate of $146.67 per week due to disability from October 31, 1992 through December 28, 1992.
7. Plaintiff's medical records were stipulated into evidence.
8. Industrial Commission Forms 21, 28B, 33, and 33R were stipulated into evidence.
* * * * * * * * * * *
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the initial hearing in this matter, the plaintiff was 42 years old. He finished the ninth grade in school and is unable to read or write.
2. At the time of the injury giving rise to this claim the plaintiff had been employed by defendant-employer for approximately one month. Plaintiff was injured when he picked up a heavy frame, which caused low back strain.
3. Plaintiff received conservative medical treatment, and was unable to return to his employment with defendant-employer from October 31, 1992 through December 29, 1992, at which time he was released to return to work with no restrictions. Defendants never denied compensation liability, and paid plaintiff at the compensation rate during this period. Defendants obtained a Form 21 agreement in November, 1992, but did not submit it to the Commission until after ceasing payments, and never applied for permission to terminate benefits.
4. Plaintiff returned to work on January 4, 1993, and was there for several hours until he was laid off from his job with defendant-employer for reasons unrelated to the compensable injury.
5. In mid-January, 1993, plaintiff worked two to three weeks as a self-employed painter, earning approximately $300.00. He ended this job due to the back pain he was experiencing.
6. In late February, 1993, plaintiff began working as a truck driver for Heritage Concrete, earning $280.00 to $300.00 per week, which was a greater wage than he earned at defendant-employer prior to the compensable injury by accident.
7. Plaintiff did not seek medical care and treatment for his back for over one year following his layoff from defendant-employer. He had been informed by defendant-employer's office manager, Karen Mellott, that he should contact her if he subsequently developed any problems with his back.
8. Beginning in March of 1994, plaintiff began treatment by Dr. Gary Bos, an orthopedist at the University of North Carolina — Chapel Hill Medical Center. Plaintiff has chronic low back pain of no obvious origin.
9. There is insufficient convincing medical evidence of record from which to prove by its greater weight that there is any causal relationship between the compensable injury by accident on October 30, 1992, and any subsequent disability caused by his back condition for which he sought medical treatment beginning in March of 1994.
10. As a result of the injury by accident on October 30, 1992, plaintiff was unable to earn any wages in any employment from October 31, 1992 through mid-January, 1993 and was unable to earn the same wages he was earning at the time of the compensable accident from mid-January, 1993 through the end of February, 1993, when he began his employment with Heritage Concrete. The evidence of record does not show the specific dates of his employment. However, plaintiff had been released to return to work with no restrictions. This job was suitable to his capacity, and he was able to actually get it. He had regained his wage-earning capacity.
* * * * * * * * * * *
Based upon the foregoing findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. On October 30, 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in that he sustained a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2 (6).
2. As a result of the compensable injury by accident, plaintiff was disabled from work and was entitled to receive compensation for temporary total disability at the rate of $146.67 per week for the period from October 31, 1992 through mid-January 1993, when he began his self-employed painting business. N.C. Gen. Stat. § 97-29. Plaintiff shall submit the specific date his self-employment began to defendant-employer upon receipt of this Opinion and Award, as ordered below. Defendant-employer is not entitled to a credit for payments made to plaintiff prior to submission of the Form 21 agreement to the Commission, as these were not approved by the Commission as compensation as required by N.C.G.S. 97-82 (a), and defendants unilaterally and prematurely terminated payments to plaintiff.
3. As a result of the compensable injury by accident, plaintiff's wage earning capacity was diminished from $220.00 per week which he earned at the time of the injury by accident to an average weekly wage of approximately $100.00 beginning mid-January 1993 and ending in late February, 1993 when he began working for Heritage Concrete. N.C. Gen. Stat. § 97-29. Plaintiff shall submit the specific dates of his employment to defendant-employer upon receipt of this Opinion and Award, as ordered below.
4. Plaintiff is not entitled to any further temporary total disability or temporary partial disability compensation after the end of February, 1993, when he began full-time employment with Heritage Concrete since after that time he had the capacity to earn the same or greater wages than he received at the time of the compensable injury by accident. The North Carolina Court of Appeals, in the recent Kisiah decision, found that a mere return to work does not defeat the employee's presumption of disability following an approved Form 21 Agreement. Kisiah v. W. R. KisiahPlumbing, Inc., No. COA 95-878 (filed: October 15, 1996). The burden of proof is indeed, on defendants at this juncture. However, in the case at hand, there has been a full evidentiary hearing on the merits in which defendants have successfully and sufficiently managed to rebut the presumption of disability. Plaintiff was released by a competent and credible physician to return to work with no restrictions as of December 29, 1992. In addition, plaintiff was capable of actually returning to work at a suitable job in which he was capable of earning wages which exceeded his pre-injury earnings. Thus the undersigned, on the record and convincing evidence as a whole, have determined that any loss of wage-earning capacity due to plaintiff's compensable injury has now returned.
5. Further, plaintiff's disability, if any, since late February, 1993, when he began his employment with Heritage Concrete, is not causally related to the compensable injury by accident on October 30, 1992, and therefore, plaintiff is not entitled to any additional compensation for subsequent periods. N.C. Gen. Stat. § 97-2 (6); Click v. Freight Carriers, 300 N.C. 164,265 S.E.2d 389 (1980).
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award, except to delete credit against temporary total benefits due. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Defendant-employer shall pay plaintiff temporary total disability compensation at the rate of $146.67 for the period from October 31, 1992 through mid-January, 1993, when plaintiff began his painting business. This specific date shall be provided by plaintiff pursuant to the order below. Defendant-employer shall not be given a credit for payments to plaintiff prior to January 8, 1993. This compensation has accrued and shall be paid in a lump sum, subject to the attorney's fee approved below.
2. Defendant-employer shall pay plaintiff temporary partial disability compensation at the rate of two-thirds (2/3) of the difference between his average weekly wage as of the date of the compensable injury and his earnings from mid-January through the end of February, 1993, at which time he began full-time employment. The specific dates of employment shall be provided by plaintiff, pursuant to the order below. This compensation has accrued and shall be paid in a lump sum, subject to the attorney's fee approved below.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff in Paragraphs 1 and 2 of this Award is approved for plaintiff's counsel and shall be deducted from the lump sum due plaintiff and paid directly to his counsel.
ORDER
1. Upon receipt of this Opinion and Award, plaintiff shall provide defendant-employer with the specific dates of his self-employment and the start of his employment at Heritage Concrete. The temporary partial disability compensation due under Paragraph 2 of this Award shall terminate on the date his employment began with Heritage Concrete.
2. Defendant-employer shall pay the costs.
Plaintiff has moved for G.S. 97-88.1 attorneys' fees as well as a G.S. 97-18 (e) ten percent penalty on unpaid amounts due plaintiff.
The undersigned feel that this action was not defended without reasonable grounds, and therefore, in their discretion, HEREBY DENY plaintiff's motion for attorneys' fees. In regard to the Kisiah decision and again mindful to the directives it provides in the area of penalties in a situation such as this one, defendants shall, as required by statute, pay a ten percent penalty on all amounts due and payable which remain unpaid as of this time. Kisiah, 1996.
This case is ORDERED REMOVED from the Full Commission docket.
This the __________ day of __________________, 1996.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _________________________ J. RANDOLPH WARD COMMISSIONER
S/ _________________________ GEORGE GLENN COMMISSIONER
JHB/nwm 10/23/96