GRADY M. CLICK, EMPLOYEE v. PILOT FREIGHT CARRIERS, INC., EMPLOYER, SELF-INSURER

No. 91

(Filed 6 May 1980)

1. *Master and Servant* § 96.5 — workers' compensation — injury from employment related accident — sufficiency of evidence

   Though plaintiff's earlier statements conflicted with his testimony before the Industrial Commission concerning the onset of his injury, it was for the Commission to weigh the evidence and judge plaintiff's credibility. Evidence was sufficient to support the Commission's finding that plaintiff was injured as the result of an employment related accident where such evidence tended to show that plaintiff dock worker's back was injured when he was struck from the rear by a cart on a conveyor line.

**2. Master and Servant §§ 65.2, 93.3— workers' compensation—herniated disc— expert medical evidence as to causation required**

    The Industrial Commission erred in awarding plaintiff workers' compensation for a herniated disc in the absence of expert medical testimony tending to establish a causal relationship between plaintiff's work related accident and the injury for which compensation was sought.

Workers' Compensation case. Defendant appeals from an opinion by the Court of Appeals, 41 N.C. App. 458, 255 S.E. 2d 192 (1979), upholding an award to plaintiff by the Industrial Commission. This Court allowed defendant's petition for discretionary review pursuant to G.S. 7A-31 on 24 August 1979. The case was argued as No. 95, Fall Term 1979.

*White and Crumpler, by Frank J. Yeager, Attorneys for Plaintiff Appellee.*

*Hutchins, Tyndall, Bell, Davis & Pitt, by Walter W. Pitt, Jr., and Richard D. Ramsey, Attorneys for Defendant Appellant.*

EXUM, Justice.

Defendant's appeal challenges the sufficiency of the evidence to support the Industrial Commission's findings that plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant. We hold there is competent evidence to support the finding of accident, but remand the case to the Commission to take expert medical evidence on the causal relationship between the accident and the injury complained of.

Plaintiff Grady Click, the employee, was awarded compensation for temporary total disability and a 25 percent permanent partial disability resulting from a herniated disc at the L4-5 interspace. The record discloses that Click gave conflicting stories about the cause of his injury. On 31 August 1976 he was employed as a dock worker by defendant Pilot Freight Carriers, Inc. As he pulled carts off a conveyor line in the dock area of the freight terminal, he felt a pain in his back. He mentioned the pain to two co-workers but continued working until the end of his shift. At home that evening, he experienced a sharp pain in his back when he bent over to take off his socks. The pain was so intense and disabling that he remained in bed until 3 September, at

which time he was hospitalized and the herniated disc was subsequently discovered during exploratory surgery. Click told his doctor that he had hurt his back while bending to pick up something from the floor at his home. He submitted insurance forms to another insurer stating that he was injured at home. At the Commission hearing in July, 1977, however, Click testified that he had been struck in the back by a cart while he worked on the conveyor line at a freight terminal on 31 August. Click testified that when he was struck in this manner he "felt a sharp pain in [his] back" which worsened after he returned home from work. He testified that he "went to bed" and "remained in bed until [he] couldn't stand the pain any longer and they took [him] to the hospital." The only medical evidence adduced at the hearing was a statement by Click's physician concerning the nature and extent of Click's injuries. Based upon this evidence, the Commission found that Click had sustained a compensable injury by accident which occurred when plaintiff was struck from the rear by a cart on the conveyor line.

[1] Defendant first assigns error to the Commission's finding that plaintiff was injured as a result of an employment related accident. Defendant argues that the conflicting evidence in this case cannot "reasonably" support a finding of injury by accident inasmuch as plaintiff's testimony before the Commission is contradicted by his earlier statements about the onset of the injury. It is not for a reviewing court, however, to *weigh* the evidence before the Industrial Commission in a workmen's compensation case. By authority of G.S. 97-86 the Commission is the sole judge of the credibility and weight to be accorded to the evidence and testimony before it. Its findings of fact may be set aside on appeal only when there is a complete lack of competent evidence to support them. *Anderson v. Construction Co.*, 265 N.C. 431, 144 S.E. 2d 272 (1965). Thus, if the totality of the evidence, viewed in the light most favorable to the complainant, tends directly or by reasonable inference to support the Commission's findings, these findings are conclusive on appeal even though there may be plenary evidence to support findings to the contrary. *Hollman v. City of Raleigh*, 273 N.C. 240, 159 S.E. 2d 874 (1968); *Keller v. Wiring Co.*, 259 N.C. 222, 130 S.E. 2d 342 (1963). Applying these principles to the instant case, we cannot say as a matter of law that the Commission erred in lending credence to plaintiff's

testimony concerning the alleged accident. Plaintiff's testimony was competent even though it was contradicted by his prior statements. Its credibility was for the Commission, not the courts, to determine. Defendant's assignment of error on this point is overruled.

[2] Defendant next contends that the Commission's award cannot stand because there is no expert medical testimony tending to establish a causal relationship between the work related accident and the herniated disc for which compensation is sought. Under the circumstances of this case, we agree.

For an injury to be compensable under the terms of the Workmen's Compensation Act, it must be proximately caused by an accident arising out of and suffered in the course of employment. G.S. 97-2(6). There must be competent evidence to support the inference that the accident in question resulted in the injury complained of, *i.e.*, some evidence that the accident at least might have or could have produced the particular disability in question. The quantum and quality of the evidence required to establish *prima facie* the causal relationship will of course vary with the complexity of the injury itself. There will be "many instances in which the facts in evidence are such that any layman of average intelligence and experience would know what caused the injuries complained of." *Gillikin v. Burbage*, 263 N.C. 317, 325, 139 S.E. 2d 753, 760 (1965). On the other hand, where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury. *Id.; see generally*, Annot., Admissibility of Opinion Evidence as to the Cause of Death, Disease, or Injury, 66 A.L.R. 2d 1082, § 8 (1959 and Supplement).

In *Gillikin v. Burbage, supra,* and in *Miller v. Lucas*, 267 N.C. 1, 147 S.E. 2d 537 (1966), this Court held that jury awards for ruptured disc injuries could not be sustained in the absence of expert medical testimony on the matter of causation. Writing for the Court in *Gillikin*, Justice (later Chief Justice) Sharp noted authority to the effect that one of the most difficult problems in legal medicine is the determination of the causal relationship between a specific trauma and the rupture of an intervertebral disc. 263

N.C. at 325, 139 S.E. 2d at 760, *citing* 1 Lawyers' Medical Cyclopedia § 7.16 (1958 Ed.). The difficulty of pinpointing the precise causative factors of disc injuries remains today. Indeed, "full knowledge of the spine is still wrapped in uncertainty, mystery, and enigma." Howard, "Understanding Causes of Low Back Pain," 21 DePaul L. Rev. 182 (1971); *see also* Zeitlin, "The Common Causes of Low Back Pain and the Question of Traumatic Aggravation," 21 DePaul L. Rev. 147 (1971). Thus, although cases involving "slipped" or ruptured discs continue to provide livelihood for the compensation lawyer, they remain "the anathema of the orthopedic and neurosurgeon," not only because of the difficulties of treatment but also because "[i]t is . . . extremely difficult at times to sort out the complaints due to injury from those of nontraumatic origin." Brooke, *In the Wake of Trauma* 124, 132 (2nd Ed. 1974).

In light of the continuing medical difficulty in determining the etiology of intervertebral diseases and injuries, this Court is not disposed to modify the holding in *Gillikin.* Nor do we think that the fact that the instant case was heard before the Industrial Commission rather than by a jury warrants suspension of the *Gillikin* rule. Reliance on Commission expertise is not justified where the subject matter involves a complicated medical question. *See generally* 3 Larson, *Workmen's Compensation Law* §§ 79.51-79.54 (1976) and cases cited therein.

We do not rule out the possibility that a disc injury case may arise in the future wherein the facts are so simple, uncontradictory, and obvious as to permit a finding of a causal relationship between an accident and the injury absent expert opinion evidence. For instance, in *Tickle v. Insulating Co.,* 8 N.C. App. 5, 173 S.E. 2d 491 (1970), the Court of Appeals upheld a workmen's compensation award for temporary total disability resulting from a nonspecific lower back injury (not a disc injury), despite the lack of expert medical evidence linking the back condition with the work place accident. The court held evidence that the onset pain of which plaintiff complained was simultaneous with the accident, along with other evidence in the case, was sufficient to allow the trier of fact to draw a reasonable inference that the injury was the proximate result of the accident. The Supreme Court of Oregon has noted that the "distinguishing features" of most com-

pensation cases holding medical testimony unnecessary to make a *prima facie* case of causation include:

> "[A]n uncomplicated situation, the immediate appearance of symptoms, the prompt reporting of the occurrence by the workman to his superior and consultation with a physician, and the fact that the plaintiff was theretofore in good health and free from any disability of the kind involved. A further relevant factor is the absence of expert testimony that the alleged precipitating event could not have been the cause of the injury. . . ." *Uris v. State Compensation Department*, 247 Or. 420, 426, 427 P. 2d 753, 756 (1967) (Citations omitted.)

Such a case is not presented here. Although Click's testimony tended to link the herniated disc with the accident at his work place, other evidence in the case suggested that his injury was caused by an occurrence at his home. In the absence of guidance by expert opinion as to whether the accident could or might have resulted in his injury, the Commission could only speculate on the probable cause of his condition. Medical testimony was therefore needed to provide a proper foundation for the Commission's finding on the question of the injury's origin.

Accordingly, the decision of the Court of Appeals affirming the Industrial Commission's award should be and is hereby vacated, and the cause is remanded to the Court of Appeals for further remand to the Commission for the taking of expert medical evidence on the question of causation.

Vacated and remanded.