The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; or to amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. South Carolina Insurance Company was the carrier on the risk.
3. The date of the alleged injury was 24 October 1991.
4. Plaintiff sustained a compensable back injury on 19 March 1989 in South Carolina for which he received compensation from 16 August 1990 to 16 January 1991 and from 18 March 1991 to 29 September 1991. That case was clinchered in South Carolina for $38,500.00 in addition to the medical expenses and temporary total disability.
In addition, the parties stipulated into evidence the following:
1. Fourteen pages of medical records and reports.
2. Agreement and Release dated 18 November 1991.
3. A South Carolina Form 19.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff has worked in the restaurant business for approximately twenty years in various capacities. Before he decided to join others in opening defendant-employer's business, a new restaurant in the Charlotte area, he worked as the head chef at the Yamato Steak House in Columbia, South Carolina. However, plaintiff injured his back at work in March 1989 and had to undergo back surgery in August 1990 and was therefore out of work for a while. Dr. Stephen W. Hipp allowed plaintiff to return to work in December 1990, but plaintiff subsequently developed worse leg pain and had to have a second back operation on 10 April 1991. Plaintiff had stopped working for Yamato Steak House by that time.
2. By January 1991 plaintiff was helping to work on the building where the new restaurant would be located. Kikuya Japanese Steak House opened in June 1991 with plaintiff working as a manager and chef. Since he was a Stockholder in the company, and since the restaurant would not earn a profit for some time, plaintiff did not receive any salary for his work during the first several months. Plaintiff lived off of the workers' compensation benefits from his previous injury until 29 September 1991. At some time after that date, plaintiff signed an agreement regarding his salary with the other shareholders which was to be effective as of 1 October 1991. However, payments pursuant to the agreement did not begin until December.
3. Although plaintiff worked regularly for defendant-employer after the restaurant opened and performed essentially every job there at some time, he continued to experience symptoms of occasional aching in his right leg as a result of his previous back injury. Plaintiff's leg pain increased in September 1991, and he called Dr. Hipp's office. Plaintiff was instructed to resume taking his anti-inflammatory medication at that time.
4. On or about 24 October 1991, while at work for defendant-employer, plaintiff took a "bag in a box" containing soft drink syrup mix to the bar area of the restaurant and began to connect it to the drink dispenser. While he was bent over connecting it, plaintiff experienced a sudden sharp pain in his back. However, he continued working and did not think much of the incident. Dr. Hipp had previously indicated to plaintiff that he would experience episodes of pain from time to time associated with his back condition.
5. On 28 October 1991, plaintiff called Dr. Hipp's office stating that he still had a lot of back and right leg pain which was worse in the mornings. Plaintiff was offered an opportunity to have another MRI, but chose not to undergo it at that time. Over the next two months, plaintiff continued to work without seeking further medical attention. However, on 23 December 1991 plaintiff again called Dr. Hipp's office complaining of having experienced worse pain for one week. At this time he wanted to have the MRI, so the doctor's office proceeded to try to get authorization from the workers' compensation insurance carrier.
6. The MRI was performed in January and it indicated that plaintiff had a recurrent herniated disc at L5-S1. Dr. Hipp performed a third operation at that level on 20 February 1992.
7. On 24 October 1991 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. The fact that he was bending over while connecting the bag of drink syrup constituted a specific traumatic incident do the work assigned. Plaintiff sustained some sort of back injury as a result of this specific traumatic incident. However, plaintiff did not establish that the recurrent herniated disc, for which he subsequently underwent surgery, was the proximate result of this incident. Plaintiff had long standing back problems, had undergone surgery twice at that level and had not sustained a second injury before developing the recurrent problems in early 1991 which led to the second surgery. Plaintiff had continued to experience symptoms after Dr. Hipp released him in August 1991 and had already reported increased leg pain as of September. There was no leg pain associated with the incident on 24 October 1991 and plaintiff's symptoms did not progress to the point that he wanted to pursue further treatment until almost two years later. Considering the circumstances, a causal relationship cannot be presumed and is, in fact, quite questionable. No medical evidence was offered which addressed that issue.
8. In that plaintiff's ruptured disc was not proven to have been a proximate result of the specific traumatic incident of 24 October 1991, the disability associated with that condition was also not proven to have resulted from the incident. Furthermore, no medical treatment was provided as a result of the incident. The medical treatment plaintiff subsequently received was for the ruptured disc.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. In October 1991 an employer-employee relationship existed between defendant-employer and plaintiff. N.C. Gen. Stat. § 97-2.
2. On 24 October 1991 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in that he sustained a back injury as the result of a specific traumatic incident of the work assigned. However, the recurrent herniated disc for which he was subsequently treated was not proven to have been approximate result of this injury by accident. N.C. Gen. Stat. § 97-2)6);Click v. Pilot Freight Carriers, Inc., 300 N.C. 164,265 S.E.2d 389 (1980).
3. Plaintiff is not entitled to benefits under the Workers' Compensation Act for the incident in Question in that no compensable consequences were proven. N.C. Gen. Stat. § 97-2 etseq.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. This claim must under the law be, and it is hereby DENIED.
2. Plaintiff's for attorney's fees is DENIED.
3. Each side shall pay its own costs.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ JAMES J. BOOKER COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER