I respectfully dissent from the majority's Opinion and Award in this case reversing the Deputy Commissioner's denial of this claim. I would vote to affirm the Deputy Commissioner's Opinion and Award based on a lack of medical causation relating plaintiff's upper extremity complaints to her packing job at Lance.
In the absence of an expert opinion as to the causal relation between plaintiff's employment and her alleged occupational disease, the Commission can only speculate as to causation. Clickv. Pilot Freight Carriers, Inc., 300 N.C. 164,265 S.E.2d 389 (1980). In the case at hand, there is insufficient medical evidence of record from which to determine that plaintiff sustained a compensable occupational disease, in that, no physician opined that the workplace exposure significantly contributed to the development of plaintiff's complained of condition. Furthermore, I would place greater weight on the opinions of Drs. Naso and Perlik who are hand specialists and who could not state to a reasonable degree of medical certainty that plaintiff's job significantly contributed to her complaints. In fact, plaintiff complaints were mostly subjective, were constantly changing, and were more likely related to her arthritis and her ehler-danlos syndrome.
Assuming arguendo plaintiff had sustained a compensable occupational disease while working with defendant-employer, she was last injuriously exposed during her subsequent employment with Kelly Temps. If plaintiff had an occupational disease which was augmented, only slightly, by her work with Kelly Temps, then Kelly Temps would be liable for her occupational disease rather than defendant-employer. According to plaintiff's testimony and the medical evidence in this case, her upper extremity problems were aggravated by her work with Kelly Temps which included light housework such as dusting, washing dishes, making beds, and vacuuming. Therefore, Kelly Temps would be the place of the last injurious exposure had there been, in fact, an occupational disease in this case.
In view of the foregoing, I respectfully dissent from the majority opinion in this case and would vote to affirm the Deputy Commissioner in this case.
 S/ ______________________________ DIANNE C. SELLERS COMMISSIONER