Defendants have filed a motion, pursuant to Rule 701 and G.S.97-85, to dismiss plaintiff's appeal to the Full Commission for failure to timely file notice of appeal and for failure to state on the Form 44 (or file a brief at all) with particularity the grounds for appeal.
Defendants' motion is HEREBY DENIED. In the interest of justice and in the discretion of the undersigned, plaintiff's notice of appeal is deemed to be timely. Rule 801. Plaintiff's Form 44 states grounds with sufficient particularity in this case to allow defendants to respond and to allow the undersigned to review the matter. Plaintiff's failure to file a brief did result in plaintiff not being allowed oral argument before the Full Commission.
* * * * * * * * * *
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with minor technical modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-Employee relationship existed between the Plaintiff and the Defendant-Employer.
3. The Aetna Life and Casualty Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $210.00, which yields a compensation rate of $140.00 per week.
5. Plaintiff suffered an injury by accident on August 20, 1993, resulting in an injury to his back.
6. The Defendant-employer admitted liability, and the parties entered into a Form 21 agreement.
7. A Form 24 agreement was approved by the Industrial Commission on September 19, 1994.
8. The issues to be determined by the Commission are (1) whether Plaintiff is entitled to on-going temporary total disability benefits from September 19, 1994, (2) and whether Plaintiff is in need of additional medical treatment.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff was an employee of Graham and Associates, which is a temporary agency. Plaintiff understood when he went to work for Graham and Associate that he was responsible for contacting them for work. At the time of the injury, Plaintiff was contracted out to work at Adams Millis, located in Forsyth County. Plaintiff had been employed with Graham and Associates since July 28, 1993.
2. On August 20, 1993, Plaintiff was injured when he lifted some boxes and strained his back. The employer was immediately notified and an Industrial Commission Form 19 was filled out on the day of the accident (August 20, 1993). Plaintiff has not returned to work for Graham and Associates.
3. Plaintiff first sought treatment with Kernersville Immediate Care the day of the accident. He was diagnosed with a low back strain and was to remain out of work until August 23, 1993. Plaintiff was seen at Kernersville Immediate Care again on August 28, 1993, and was then referred to an orthopaedist due to continued pain. Plaintiff was referred to Dr. Rendall whom he first saw on August 31, 1993. Dr. Rendall diagnosed a lumbar sprain and continued to keep Plaintiff out of work. After three visits and a month of physical therapy, Dr. Rendall found that Plaintiff's pain was "out of proportion with findings following lumbar sprain". He, in turn, referred Plaintiff to Dr. Martin Hatcher. Plaintiff was seen by Dr. Hatcher's partner, Dr. James Love. Plaintiff's first visit to Dr. Love was on October 5, 1993. Dr. Love determined: "My impression is that there is such histrionic overlay to this patient's examination that it is going to be impossible to determine what is actually a true symptom and what is conventional hysteria. . ." Due to continued complaints, Plaintiff was referred to Triad MRI for a brain scan. During this test, Plaintiff suffered a panic attack and now is claiming continuing total disability from that experience. After a second visit to Dr. Love on January 12, 1994, revealing the same indications as the first visit, Dr. Love felt Plaintiff should be seen by Dr. Ted Rhoads, a psychiatrist in Greensboro. Plaintiff was treated extensively by Dr. Rhoads. Dr. Rhoads eliminated post-traumatic stress disorder as a diagnosis and concluded that Plaintiff had an anxiety disorder.
4. On July 15, 1994, Dr. Love determined Plaintiff was at MMI and released him to return to work with no restrictions. Dr. Love further testified that there were no objective findings to support Plaintiff's complaints, and he felt Plaintiff was exaggerating and malingering. Dr. Love also excluded as not causally related to the August 20 accident Plaintiff's subsequent complaints of wrist pain.
5. The dispute in this claim arises out of the fact the Plaintiff has not returned to work, even though he has been released to work, once in October, 1993, and again in July, 1994. At the initial hearing of this matter, Plaintiff indicated that Jim Irvin at Greensboro Physical Therapy Services released him to go back to work full time in October, 1993. Plaintiff also indicated that he did not seek work from October, 1993, until January, 1994, when he suffered new symptoms. No doctor determined Plaintiff was unable to work for this period. Plaintiff stated that he did not try to find work because he did not think he could work, even though his physicians had released him. At this point Plaintiff continues to see Dr. Rhoads for psychological problems, and he feels he is unable to work due to his medication. However, the current treatment Plaintiff receives from Dr. Rhoads is unrelated to his workers' compensation accident, and Dr. Rhoads does not feel the medication (Zoloft) is a factor.
6. Upon the notification to the Defendant-employer that Plaintiff was able to return to work in July, 1994, Graham and Associates initiated trying to place Plaintiff in a position. This process began on July 21, 1994, and lasted until September 12, 1994. Plaintiff was called about several jobs. However, he indicated he was not able to take the jobs due to certain restrictions. Following Plaintiff's refusal to return to work, the Defendant-carrier submitted a Form 24 to the Industrial Commission, which was approved on September 19, 1994. Benefits to Plaintiff were subsequently stopped.
7. Plaintiff's current medical condition and treatment are not causally related to any incident of August 20, 1993.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to sufficiently or convincingly carry his burden of proof that his current medical conditions and treatment are causally related to his accident of August 20, 1993. Therefore, Defendants are not responsible for the further medical or indemnity benefits claimed. Click v. Pilot Freight Carriers,Inc., 300 N.C. 164, 265 S.E.2d 389 (1980).
2. Since Plaintiff's two treating physicians are of the opinion that he is no longer disabled as a result of the injury by accident, he is not entitled to further benefits. N.C. Gen. Stat. § 97-29.
* * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim for further benefits is HEREBY DENIED.
2. Each side shall pay its own costs.
It is further ORDERED that this case be REMOVED from the Full Commission docket.
This the __________ day of _____________________, 1996.
 S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________ COY M. VANCE COMMISSIONER
JHB/nwm 07/24/96