The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Further, defendant-employer's Motion to Strike Appendix to Plaintiff's Brief is hereby ALLOWED.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. The defendant-employer is a qualified self-insured with Ward-THG acting as its claim administrator.
4. The plaintiff's average weekly wage may be determined by Industrial Commission Form 22 stipulated into evidence.
5. Plaintiff makes no claim for temporary total disability benefits or temporary partial disability after the date of the alleged accident, 19 September 1992.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was twenty-seven years old and had obtained a high school diploma. She began working for defendant-employer, KW Cafeterias, in approximately 1988. In 1990 she began working as a cashier which involved preparing tickets for customers and using a computerized register to total food items and record the number of customers in each party.
2. In 1992 plaintiff's regular work schedule for the defendant-employer included working five days per week from 5:30 a.m. to 11:00 a.m. and three days per week an additional four hours from 11:00 a.m. to 3:00 p.m. She worked primarily as a cashier from 5:30 a.m. to 11:00 a.m. but also helped set up menus and price tags. For three days a week, from 11:00 a.m. to 3:00 p.m. she served take-out and had some use of the cash register.
3. In September 1992 plaintiff began experiencing pain and tingling in her right hand. These symptoms later spread to her right shoulder and ultimately to her left hand in late 1992.
4. Plaintiff received conservative treatment from Dr. Lloyd Hitchings and Dr. O. Del Curling, Jr. Nerve conduction studies performed by Drs. Hitchings and Curling were very marginal.
5. Plaintiff continued to perform her normal job duties for defendant-employer through February 1993. At that time plaintiff moved to various work positions for the defendant-employer including one which required her to carry trays of special orders to restaurant customers. In April 1993 plaintiff voluntarily left her employment with defendant-employer. Since that time plaintiff has worked in various positions at other companies. Since October 1993 plaintiff has been employed at the Frame Gallery where her duties include assisting customers, selecting frames, matting pictures, and assembling frames.
6. Although plaintiff continues to have some difficulties with her symptoms, she received no treatment from April 1993 through January 1995. Since that time she was seen by Dr. Curling on one occasion.
7. Plaintiff presented no evidence that her position as a cashier/server for the defendant-employer placed her at an increased risk of developing carpal tunnel syndrome. Plaintiff also presented no evidence that carpal tunnel syndrome is characteristic of and peculiar to her employment. The only competent, credible evidence presented regarding these issues was given by Glenn Alspaugh, personnel director for defendant-employer, who testified that to his knowledge there has not been any other similar claims of hand symptoms from cashiers employed for the defendant-employer.
8. Plaintiff presented no competent, credible evidence, either by medical records or expert testimony, that causally relates her carpal tunnel syndrome with her employment.
9. Plaintiff has suffered no temporary total disability or temporary partial disability after 19 September 1992. Any disability suffered by plaintiff, including permanent disability, is not related to her employment with defendant-employer.
10. Plaintiff has failed to present any competent, credible evidence that any medical expenses she incurred after 19 September 1992 were related to her employment.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to sustain her burden of proving an occupational disease as defined by N.C. Gen. Stat. §97-53(13). Booker v. Duke University Medical Center,297 N.C. 458, 256 S.E.2d 189 (1979). Plaintiff failed to prove that her carpal tunnel syndrome is characteristic of and peculiar to her profession. Plaintiff also failed to show an increased risk of developing carpal tunnel syndrome from her job duties for the defendant-employer. Id.; Moore v. J.P. Stevens Co., 47 N.C. App. 744, 269 S.E.2d 159, cert.denied, 301 N.C. 401, 274 S.E.2d 226 (1980).
2. Plaintiff has failed to offer any competent, credible medical evidence showing that any disability she claims to have suffered or any medical expenses she incurred are causally related to any alleged occupational disease. Id.;Click v. Pilot Freight Carriers, 300 N.C. 164,265 S.E.2d 389 (1980). Any medical treatment received by the plaintiff after 19 September 1992 was not related to her employment with defendant-employer. Plaintiff is not entitled to any future medical expenses. N.C. Gen. Stat. §§ 97-2(6),97-25.
3. Plaintiff is, therefore, entitled to no compensation under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 et seq.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim for workers' compensation benefits, as a result of an alleged occupational disease incurred 19 September 1992 must, under the law, be and is hereby DENIED.
2. Each side shall pay its own costs.
This the ____ day of June 1997.
 S/ ____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________ THOMAS J. BOLCH COMMISSIONER
S/ ___________________ COY M. VANCE COMMISSIONER
DCS:jmf