The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. On 7 January 1996, the date of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. Plaintiff last worked for defendant-employer on 12 January 1996. Plaintiff's employment was terminated on 15 April 1996.
4. Liberty Mutual Insurance Company is the workers' compensation insurance carrier on the risk.
 EVIDENTIARY RULINGS
The objections appearing in the depositions of Drs. Hoskins and Pritchard are OVERRULED. Plaintiff's objection to the admission of the Affidavit of Vernon Hair is SUSTAINED.
 ***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was forty-seven years old. He had an eighth grade education, but was unable to read or perform mathematics well. Plaintiff began working for defendant-employer in 1993.
2. Defendant-employer was a manufacturer of cement products. Plaintiff's job duties required him to fill molds or cores with concrete. After the molds were filled, they were vibrated to settle the cement. Plaintiff then used a trowel to smooth the cement. After the cement filled mold was fired, plaintiff was responsible for removing the mold from the finished cement product. This process was referred to as stripping grade rings. The size and weight of the grade rings required that two persons work together during this process.
3. On 7 January 1996, plaintiff and Mr. Hair were working together stripping grade rings. One of the grade rings had come loose, causing the cement ring to stick to the inner ring. When plaintiff attempted to lift the inner ring, he felt a sharp pain in his back. Plaintiff completed his scheduled workday, but his grade ring stripping duties were assumed by another employee. Plaintiff reported to his supervisor that he was experiencing back pain. Plaintiff did not inform his supervisor that he injured his back while stripping grade rings. Defendants first received notice of plaintiff's alleged injury upon receiving plaintiff's Industrial Commission Form 18, Notice of Accident to Employer, which was filed in the Industrial Commission on 10 May 1996.
4. Plaintiff first sought medical treatment on 16 January 1996 when he presented to Dr. Hoskins. On that date, plaintiff was experiencing pain in his buttocks and right leg. An x-ray was taken of plaintiff's lumbar spine. The x-ray revealed that plaintiff had disc narrowing at L5-S1 with moderate anterior and lateral spurring. He also had loss of facet space at L4-L5. Thereafter, a CT scan and MRI were ordered. These studies revealed that plaintiff had diffuse spondylitic lumbar changes with associated disc narrowing. Specifically, he had moderately prominent spinal stenosis at L4-L5. He also had a herniated disc at L1-L2.
5. Plaintiff presented to Dr. Pritchard on 4 April 1996. Dr. Pritchard confirmed that plaintiff has spinal stenosis, most prominent at L4-L5 and to a lesser extent at L5-S1. Plaintiff's spinal stenosis was caused by spondylosis, or degenerative changes in his spine. Dr. Pritchard also confirmed that plaintiff has a herniated disc at L1-L2. Plaintiff's spondylosis and resulting spinal stenosis were not caused by a specific incident. Rather, these conditions were degenerative in nature and occurred over a period of time.
6. Dr. Pritchard performed decompression surgery on 17 June 1996 to correct the conditions caused by plaintiff's spinal stenosis. Following this surgery, plaintiff's condition improved initially. However, plaintiff eventually began experiencing a return of his leg pain. Dr. Pritchard ordered an EMG that indicated abnormalities associated with plaintiff's herniated disc at L1-L2 as well as evidence of diabetic polyneuropathy.
7. In January 1997, Dr. Pritchard performed surgery to remove plaintiff's herniated disc after which plaintiff's condition again improved.
8. It is possible that the incident on 7 January 1996 caused plaintiff's symptoms.
9. The evidence of record is insufficient to prove by its greater weight that plaintiff's spinal stenosis or his herniated disc at L1-L2 were caused by the incident on 7 January 1996.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. "The burden of proving each and every element of compensability is upon the plaintiff." Harvey v. Raleigh PoliceDept., 96 N.C. App. 28, 35, 384 S.E.2d 549, (1989). In many instances, the facts in evidence are such that any layman of average intelligence would know what caused a person's injuries; however, the exact nature and cause of some injuries must be established by expert opinion evidence. Click v. FreightCarriers, 300 N.C. 164, 265 S.E.2d 389 (1980). To establish causation, the evidence must rise above the level of mere speculation or conjecture. Hinson v. National Starch Chem.Corp., 99 N.C. App. 198, 392 S.E.2d 657 (1990). The evidence in this case is insufficient as a matter of law to establish that plaintiff's alleged injuries resulted from the incident on 7 January 1996. Therefore, plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act.
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs, except that defendants shall pay Drs. Hoskins and Pritchard expert witness fees of $120.00 and $450.00, respectively.
This _____ day of June 1998.
 S/ _________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER
DCS/jlr