RULING ON MOTION
The Full Commission, in its discretion, denies defendants' Motion to Dismiss in order to address the merits of plaintiff's claim. Plaintiff did not appear at the hearing before the Full Commission and defendant waived oral argument.
 ***********
Plaintiff has not shown good grounds to receive further evidence or rehear the parties or their representatives. The Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Defendant was a duly qualified self-insured with Key Risk Management Services, Inc., as the servicing agent.
3. The employee-employer relationship existed between the parties at the relevant times.
4. Plaintiff's average weekly wage was $75.00, which yields a weekly compensation rate of $50.00.
5. The issue for determination is whether plaintiff sustained an injury by accident arising out of and in the course and scope of her employment on 4 December 1995, and if so, to what benefits she may be entitled under the Act.
6. The parties stipulated the following documents into evidence:
a. I.C. Form 18, filed on 16 July 1996;
b. I.C. Form 61, filed on 17 April 1996;
c. I.C. Form 33, filed on 16 August 1996, and
d. Eighty-five pages of medical reports.
 ***********
Based upon all of the competent, credible evidence adduced from the record, and all the reasonable inferences drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On 4 December 1995, plaintiff was a forty-nine year old married female with a ninth grade education. She began working for defendant on 13 March 1989, where her duties were to cook, prepare salads, and clean. Dr. William A. White treated plaintiff for a pre-existing right knee problem since 1988.
2. In July 1995, Dr. White referred plaintiff to Dr. Robert Saltzman, an orthopedist. On 21 July 1995, plaintiff complained of bilateral arthritic knee symptoms to Dr. Saltzman.
3. On 4 December 1995, plaintiff was assigned to work the 5:00 a.m. to 10:00 a.m. shift.
4. Plaintiff testified at the hearing that she injured her left knee when she slipped and fell in the freezer on 4 December 1995, at approximately 4:40 a.m. However, this testimony is not accepted as credible, considering that defendant's time clock did not record plaintiff punching in until 5:00 a.m. on 4 December 1995.
5. Plaintiff's supervisor testified that had plaintiff reported an injury, they would have prepared an orange accident form and called the servicing agent. The servicing agent would then prepare a Form 19 to report the accident to the Industrial Commission. Three to five reports were filed in this manner on an average year, and they received materials from the franchise school and the servicing agent stressing timely reporting. No orange accident form was prepared for plaintiff's alleged 4 December 1995 injury, nor was a Form 19 submitted by the servicing agent.
6. On 14 December 1995, plaintiff returned to Dr. Saltzman and did not report any history of an injury to her left knee.
7. Dr. Saltzman felt that plaintiff's left knee pain and secondary right knee pain resulted from arthritis and obesity, and not from any alleged injury of 4 December 1995.
 ***********
The foregoing stipulations and findings of fact engender the following:
 CONCLUSIONS OF LAW
1. The burden of proving each element of compensability is upon plaintiff. Harvey v. Raleigh Police Department, 96 N.C. App. 28,384 S.E.2d 549, cert. denied, 326 N.C. 706, 388 S.E.2d 454
(1989). Where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury. Click v. Pilot Freight Carriers, Inc., 300 N.C. 164,265 S.E.2d 389 (1980). In the instant case, there is no medical evidence to support plaintiff's contention that the condition of which plaintiff complains was caused by an incident occurring on the job. Furthermore, the Full Commission does not accept as credible plaintiff's allegation that any incident occurred on the job on 4 December 1995 at 4:40 a.m., particularly in light of the fact that she did not clock-in at work until 5:00 a.m.
2. Plaintiff failed to prove by the greater weight that she sustained an injury by accident arising out of and in the course and scope of the employment on 4 December 1995. Assuming arguendo that plaintiff sustained an accident at work on 4 December 1995, there is no medical evidence causally relating her medical condition to the alleged accident. Furthermore, there is no evidence in the record to support that plaintiff had any disability from work resulting from her alleged accident. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
 *********** S/ ________________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
S/ ______________________ THOMAS J. BOLCH COMMISSIONER