***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 *********** *Page 2 
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. An employee-employer relationship existed between plaintiff and defendant-employer on the date of the alleged injury.
3. The carrier on the risk at the time of the alleged injury was the North Carolina League of Municipalities.
4. It is not disputed that plaintiff injured his knee on September 21, 2004, but defendant disputes plaintiff's allegation of a back injury on that same date.
5. Plaintiff has not missed any time from work as a result of his injury.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACTS
1. Plaintiff was 61 years old at the time of the Deputy Commissioner's hearing. Plaintiff began working full-time for defendant-employer on September 22, 2003 as a maintenance helper. His job responsibilities included building maintenance and keeping the grounds of the City cemetery. Plaintiff's job activities included lifting stones, climbing, replacing light bulbs, painting, and general maintenance.
2. On September 21, 2004, plaintiff was working at the police department, attempting to fix a leaking wall on the roof of the building by applying cement material to an *Page 3 
exterior brick wall. Plaintiff had to carry a bucket of cement to the roof while he climbed 53 steps up to the roof. While applying the cement mixture, plaintiff kneeled down on the roof and his left knee started burning, with pain radiating into his leg. Later as he was walking, he felt his knee pop and it sounded like "wood splitting."
3. The pain in plaintiff's knee progressively worsened, and the next morning he reported the injury to Martha Hancock, defendant-employer's Personnel Director, and she sent him to MedZone Occupational Health and Urgent Care. At MedZone, plaintiff complained that he hurt his left knee the day before. Because of continued complaints, plaintiff was eventually referred to Dr. Christopher Brumfield, a board certified orthopedic surgeon.
4. Dr. Brumfield initially examined plaintiff on October 5, 2004 for complaints of pain in his left knee and leg area as a result of his injury at work. Prior to the examination by Dr. Brumfield, plaintiff completed a patient intake form, indicating that his only problem was with his left knee. Plaintiff did not mention any back pain to Dr. Brumfield during the course of the examination.
5. Dr. Brumfield assessed plaintiff as suffering from left knee patellar femoral pain with mild degenerative arthritis. Dr. Brumfield examined plaintiff again on October 26, 2004 and November 30, 2004 for his left knee pain. At both visits, plaintiff denied any other injury or complaint. At no time during Dr. Brumfield's treatment of plaintiff did plaintiff complain of any back pain or back symptoms. At his deposition, Dr. Brumfield did not give an opinion regarding whether any of plaintiff's back problems were related to his injury by accident.
6. On January 31, 2005, plaintiff sought medical treatment from Dr. Stephen Ford at High Point Neurological Associates for continued complaints of pain in his left knee and calf. *Page 4 
At the initial evaluation, plaintiff completed an intake form, which confirmed that plaintiff's chief complaint concerned his knee, with no mention of any complaints of back pain.
7. Because the etiology of plaintiff's complaints was not certain, Dr. Ford ordered a lumbar MRI scan, which was performed on February 18, 2005. The results showed some bulging of the L3-4 and L4-5 discs and some bulging and a small disc protrusion at L5-S1. However, a myelogram was done in September 2005, which produced normal results. Dr. Ford was unable to testify with any degree of medical probability regarding the cause of plaintiff's back condition. Dr. Ford testified that he was reluctant to give an opinion with regard to causation, and could only state that the September 21, 2004 incident "could" cause a herniated disc. Dr. Ford also testified that given the fact that plaintiff contends he injured his back in September 2004 but made no complaints of back pain before his examination on January 31, 2005, it is less likely that any back issues were related to the incident of September 21, 2004.
8. Dr. Chester Haworth served as the supervising physician for physician assistant David Minor at High Point Neurological Associates. Dr. Haworth testified that he had doubt in his mind as to whether the September 21, 2004 incident was the cause of any condition in plaintiff's back. Further, Dr. Haworth would only say that it was "possible" that the incident "could" have caused the pain about which plaintiff complained.
9. At his deposition, Mr. Minor testified that the type of injury plaintiff had on September 21, 2004 can cause a herniated nucleus pulposus and lumbar radiculopathy; however, he did not have an opinion on whether the herniated nucleus pulposus and the lumbar radiculopathy were causing plaintiff's leg pain. He stated that it is less likely that plaintiff's back pain is related to the accident because it did not appear for several months after the accident. Mr. *Page 5 
Minor also testified that he based his opinion that plaintiff's back pain was due to his injury on the temporal relationship between the injury and the existence of plaintiff's pain.
10. The Commission gives greater weight to the testimony of Dr. Haworth and Dr. Ford than that of Mr. Minor, a physician's assistant, and finds that plaintiff failed to show by the greater weight of the evidence that the September 21, 2004 incident was the proximate cause of his back condition.
11. At the time of the Deputy Commissioner's hearing, plaintiff had missed no time from work due to his knee injury of September 21, 2004.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. For an injury to be compensable, it must be an injury by accident arising out of and in the course of the employment. N.C. Gen. Stat. § 97-2(6). Plaintiff sustained an admittedly compensable injury by accident to his left knee on September 21, 2004, for which defendant has paid medical compensation. N.C. Gen. Stat. § 97-25.
2. "Where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." Click v.Freight Carriers, 300 N.C. 164, 265 S.E.2d 389 (1980). "Could" or "might" expert testimony is insufficient to support a causal connection where there is additional evidence or testimony showing the expert's opinion to be a guess or mere speculation. Young v. Hickory Bus.Furn., 353 N.C. 227, 538 S.E.2d 912 (2000). In the present case, there is insufficient *Page 6 
competent medical evidence to establish, beyond mere speculation, that the September 21, 2004 injury by accident was the proximate cause of plaintiff's back condition.
3. Plaintiff is entitled to receive medical treatment for the compensable left knee injury following the injury by accident on September 21, 2004. N.C. Gen. Stat. §§ 97-2 (19) and 97-25. Plaintiff is not entitled to receive medical treatment for his back condition, which is not causally related to his injury by accident.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay for all medical treatment of plaintiff's left knee following the injury by accident on September 21, 2004.
2. Plaintiff's claim for benefits for his back condition under the law must be, and is hereby, DENIED.
3. Defendant shall pay the costs.
This 1st day of February, 2008.
 S/______________________
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER
CONCURRING:
 S/______________________ PAMELA T. YOUNG CHAIR *Page 7 
 S/______________________ DANNY LEE McDONALD COMMISSIONER
 *Page 1