***********
The undersigned reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips. The appealing party has shown good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission rejects the findings of fact in the Opinion and Award of Deputy Commissioner Phillips and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. All parties are properly before the Industrial Commission and the Commission has jurisdiction of the parties and subject matter.
3. All parties have been correctly designated and there are no questions as to misjoinder or nonjoinder of parties.
4. On or about October 4, 2004 an employer-employee relationship existed between plaintiff and defendant.
5. Indemnity Company of North America was the carrier for workers' compensation purposes for defendant at all relevant times.
6. Plaintiff's average weekly wage is $654.00 yielding a compensation rate of $421.18.
 ***********
The following documentary evidence was received as:
 EXHIBITS
Stip. Ex. No. 1: Medical Records
Stip. Ex. No. 2: IC Forms
Stip. Ex. No. 3: Short-Term Disability Pymnts.
Plaintiff's Exhibit No. 1: Attendance Records
Defendant's Exhibit No. 1: Dr. Daubert's Questionnaire
Defendant's Exhibit No. 2: Follow-up Questionnaire
Defendant's Exhibit No. 3: Incident Report
Defendant's Exhibit No. 4: Payroll Printout
Defendant's Exhibit No. 5: Nurse's Notes
 Defendant's Exhibit No. 6: Nurse's Notes *Page 3 
Deposition: Dr. Daubert
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was 56 years old. Plaintiff began work at Sara Lee in 1989. Initially, plaintiff worked inside of the plant but later began doing yard work for Sara Lee. On rainy days plaintiff started doing maintenance work inside again. Later, plaintiff became a full time mechanic for Sara Lee performing a variety of job duties including greasing machines, tearing machines down, and repairing machines.
2. Plaintiff has an extensive medical history relating to his back. Specifically, plaintiff had back problems that began at least as early as 1994 when plaintiff had surgery with Dr. Rawlings. Plaintiff began treating with Dr. Harlan Daubert in approximately 2001 and underwent a fusion procedure with Dr. Daubert at L4-5 on December 5, 2001. Plaintiff returned to Dr. Daubert in November of 2002 seeking additional medications due to increased pain. In February of 2003 plaintiff returned to Dr. Daubert with bilateral leg pain, left worse than right. Plaintiff had a flare up of pain that occurred over Memorial Day without any inciting event. As a result, plaintiff underwent a second fusion procedure with Dr. Daubert on June 4, 2003 involving L3-4.
3. Defendant has an in-house medical facility where employees can seek medical treatment for any medical problems. Plaintiff was familiar with this facility as he was a part of the Health Wellness Program at work and was seen in that department at least once a year. *Page 4 
Plaintiff had been seen in defendant's medical department for medical problems during his employment.
4. On October 4, 2004, plaintiff was working on a machine and as a result was on his knees. A cart full of material and moving at a slow pace approached plaintiff. The cart speed was limited by the speed an individual can walk and was moving slowly due to the large amount of material in the cart. Plaintiff saw the cart coming and stood up. The cart bumped plaintiff in the left side and the plaintiff turned with the cart.
5. After this incident, plaintiff complained to a co-worker that he had twisted his knee. Plaintiff made no complaints of any back problem rising from this incident.
6. Plaintiff reported that the incident had occurred to his supervisor, Tim Beasley because company policy required reporting of the incident even in the absence of injury. Plaintiff did not complain that he had been hurt in the incident and did not ask for medical treatment. Company policy would have dictated that plaintiff be sent for medical care had he complained of injury.
7. After the incident and through at least December 15, 2004, Mr. Beasley had almost daily contact with plaintiff. Plaintiff made no complaints to Mr. Beasley, his supervisor, about back pain or any problem stemming from the October 4, 2004 incident. Plaintiff did not require special accommodations at work after this incident. Furthermore, after the October 4, 2004 incident, plaintiff continued to work his regular schedule and in fact worked overtime most of the weeks from October 4, 2004 through December 15, 2004.
8. On November 8, 2004, plaintiff sought medical treatment from his family doctor for an upper respiratory illness. Plaintiff did not complain to his family doctor of any problems with his back. *Page 5 
9. On November 18, 2004 plaintiff returned to Dr. Daubert's office with back complaints. Plaintiff was required to complete a medical follow up questionnaire. On the follow up medical questionnaire, plaintiff did not make any mention of any work-related accident. Rather, plaintiff complained that his back hurt from limping due to knee pain. Plaintiff had also had a prior knee surgery. Plaintiff's physician documented that the pain in his back was "gradual and atraumatic." Plaintiff also reported at that time that he had no known injury to precipitate his pain.
10. Plaintiff returned to his supervisor on December 16, 2004 and requested that his supervisor complete an accident report concerning the October 4, 2004 incident. An accident report was completed with Mr. Beasley. Plaintiff specially stated he did not think he was hurt at the time of the incident. Plaintiff complained only of hip and leg pain when completing the incident report on December 16, 2004.
11. Sometime between October 4, 2004 and December 15, 2004, plaintiff sustained an incident at Kermit's Hot Dogs Restaurant. While at Kermit's, plaintiff coughed, experienced back pain, and fell, landing with his back striking a trashcan. At the hearing, plaintiff admitted that this incident has occurred and also agreed that it occurred between the October 4, 2004 incident at work and his last day worked.
12. On December 17, 2004, plaintiff returned to see Dr. Daubert. Plaintiff again makes no specific mention of a work-related incident. Rather, plaintiff asked whether his back pain could be related to his accident without identifying an accident. Plaintiff's work incident was not documented in his medical records until January 2005.
13. Plaintiff has not worked since December 16, 2004. Plaintiff received short-term disability benefits from defendant until July 15, 2005. *Page 6 
14. In light of the multiple possible causes, Dr. Daubert was not able to determine when plaintiff's herniation occurred or whether his condition was caused by plaintiff's work incident. Dr. Daubert opined that the incident at work could have precipitated plaintiff's back pain but it was just as likely that the incident at Kermit's could have precipitated his back pain as well as any type of bending or twisting in daily activity. Dr. Daubert testified that there was no way to know which of the two incidents would have aggravated or caused the pain for which he treated plaintiff for.
15. In addition, Dr. Daubert testified that plaintiff's problems could be due to plaintiff's prior fusion or surgeries. Dr. Daubert stated that plaintiff had a very tenuous back even before the alleged incident of October 4, 2004 and that he expected and anticipated that plaintiff would have additional back problems in the future even without an incident. Dr. Daubert further testified that had plaintiff been injured at that time, he would have expected pain complaints from plaintiff within two to three weeks of the incident.
16. The greater weight of the credible evidence in this case documents that plaintiff did not sustain an injury by accident to his back as the result of the incident that occurred on October 4, 2004 while employed by defendant and that plaintiff's back problems are not causally related the October 4, 2004 incident.
17. The Full Commission finds that defendants had actual knowledge of plaintiff's work incident, and defendants have not been prejudiced by plaintiff's failure to file written notice within thirty (30) days of the October 4, 2004 incident.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 7 
 CONCLUSIONS OF LAW
1. Based upon the greater weight of the evidence, plaintiff's claim is not barred under N.C. Gen. Stat. § 97-22.
2. Plaintiff has the burden of proving by the preponderance of the evidence that his accident or event on October 4, 2004 was a causal factor in the development of his back condition. Holley v. Acts,Inc., 357 N.C. 228, 581 S.E.2d 750 (2003). "Where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." Click v. Pilot Freight Carriers, Inc.,300 N.C. 164, 167, 265 S.E. 2d 389, 391 (1980). However, an expert is not competent to testify to a causal relation that rests upon mere speculation or possibility. Young v. Hickory Bus. Furn., 353 N.C. 227,538 S.E.2d 912 (2000). In light of the multiple possible causes, Dr. Daubert was not able to determine when plaintiff's herniation occurred or whether his condition was caused by plaintiff's work incident. Dr. Daubert opined that the incident at work could have precipitated plaintiff's back pain, but it was just as likely that the incident at Kermit's Restaurant could have precipitated plaintiff's back pain, as well as any other type of bending or twisting in daily activities. Dr. Daubert testified that there was no way to know which of the two incidents would have aggravated or caused the pain for which he treated plaintiff for.
3. Based upon the greater weight of the credible evidence, plaintiff has failed to establish that he sustained a compensable injury by accident to his back as a result of the October 4, 2004 work incident. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each party shall bear its own cost.
This the 27th day of June 2008.
S/________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/________________ PAMELA T. YOUNG CHAIR
 S/________________ DANNY LEE McDONALD COMMISSIONER *Page 1