The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, based upon all of the competent, credible and convincing evidence of record, the undersigned make the following
 FINDINGS OF FACT
1. On October 10, 1995, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On October 10, 1995, an employment relationship existed between the plaintiff and the defendant; the plaintiff was employed as a secretary at the North Carolina Division of Vocational Rehabilitation. Her job duties included maintaining the general office supplies and equipment.
3. On October 10, 1995, the U.P.S. delivery person delivered boxes of copy paper and stacked them three boxes high. One of the boxes was leaning, so the plaintiff attempted to move the top box. When she did, she felt a sharp pain in her neck, back and left shoulder. The plaintiff immediately reported the incident to the supervisor on duty. The plaintiff continued to work that day and the next day.
4. By October 12, 1995, the plaintiff was having difficulty turning her neck. On that day, she was seen and treated by a physician's assistant at the office of her family doctor, Dr. John E. Jenkins, for neck pain. At that time, she reported that she felt a sharp warm pain in her upper back between her shoulders and in the neck area when she attempted to lift a box at work. The physician's assistant noted a mild spasm in the trapezius muscle on the left side. She was prescribed Motrin and Flexeril, and x-rays were ordered. The x-rays showed diffuse, severe degenerative disk disease at C3-4 and C6-7, which pre-existed the October 10, 1995 incident, with no acute abnormalities.
5. The plaintiff returned to Dr. Jenkins' office on October 19, 1995 with complaints of continued pain in her neck and mid-back. She was referred to physical therapy and given a note to be out of work. The plaintiff participated in physical therapy two to three times per week until her last visit on November 6, 1995.
6. On November 6, 1995, the plaintiff was seen by Dr. Jenkins for her routine gynecological check-up. Dr. Jenkins' notes do not reflect that she had any complaints of continued back or neck pain at that time. On that same day, Dr. Jenkins' wrote a note authorizing the plaintiff to return to full-time work on November 8, 1995, but to take frequent breaks and to do no lifting until the symptoms subsided.
7. On November 10, 1995, the plaintiff, on her own, went to see Dr. Raymond C. Sullivan, who is also a specialist in internal medicine. She was seen by a physician's assistant with complaints of discomfort in her left shoulder, back and mid-thoracic area. X-rays of the thoracic spine were taken, which were normal. She was advised to continue with physical therapy, given Lodine and Flexeril, and asked to return for a follow-up.
8. The plaintiff returned to Dr. Sullivan's office with no complaints of pain. She was released with no restrictions and no permanent partial impairment rating.
9. She returned to work with the defendant on November 13, 1995.
10. On October 10, 1995, the plaintiff sustained an injury to her neck and back arising out of and in the course of her employment with the defendant, which resulted from a specific traumatic incident of her work. As a result of the injury, the plaintiff was unable to earn wages with the defendant or in any employment from October 12, 1995 until November 8, 1995. The plaintiff's injury resolved by November 8, 1995 with no permanent disability.
 ***********
Based upon the foregoing findings of fact, the undersigned make the following
 CONCLUSIONS OF LAW
1. On October 10, 1995, the plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant which resulted from a specific traumatic incident of her work. N.C.G.S. § 97-2(6). There is sufficient credible and convincing evidence of record to establish the causal link in this case. Lockwood v. McCaskill,262 N.C. 663(1964); Click v. Pilot Freight Carriers,300 N.C. 164, 2655 S.E.2d 389 (1980). Note the case at hand merely involves a spasm which resolved and not a more complex herniated disc or other back injury, which may have required more detailed and exacting expert testimony to establish causation.
2. As a result of the injury by accident, the plaintiff was temporarily and totally disabled from October 12, 1995 until November 8, 1995, and is entitled to temporary total disability compensation for that period. N.C.G.S. § 97-29.
3. The plaintiff is entitled to have defendant provide all medical compensation arising from this injury by accident. N.C.G.S. § 97-2(19),-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 AWARD
1. Since no evidence was submitted to determine the plaintiff's average weekly wage at the time of the injury, the parties shall either stipulate to an average weekly wage or submit wage evidence, including a Form 22, to the undersigned within 30 days.
2. If the parties are able to stipulate to an average weekly wage, the defendant shall pay to the plaintiff compensation to the plaintiff for her temporary total disability from October 12, 1995 until November 8, 1995 at the legal compensation rate, subject to an attorney fee hereinafter approved.
3. The defendant shall pay all statutorily authorized medical expenses incurred as a result of this injury by accident.
4. An attorney fee in the amount of one-fourth of the compensation due to the plaintiff is approved for the plaintiff's attorney and shall be deducted from the amount due to the plaintiff and paid directly to the plaintiff's attorney by the defendant.
5. Plaintiff has moved, pursuant to N.C.G.S. § 97-88, for an attorney's fee to be assessed against defendant for costs associated with plaintiff's defense of this appeal to the Full Commission. In the discretion of the undersigned, noting that defendant, in fact, filed this appeal, which resulted in the ultimate award of payments to the plaintiff, defendant IS HEREBY ASSESSED an attorney's fee of $1,000.00. This amount shall be paid directly to plaintiff's counsel above and separate from any amounts already due and owing to plaintiff.
It is further ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the 1st day of October, 1998.
 S/ _____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _____________ BERNADINE S. BALLANCE COMMISSIONER
S/ _____________ RENÉE C. RIGGSBEE COMMISSIONER
JHB/kws