Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times herein.
3. The carrier on the risk was Royal Insurance Company.
4. The plaintiff allegedly sustained a compensable injury on or about September 5, 1995.
5. The parties stipulated to a packet of the plaintiff's medical records from Dr. Jeffrey Smith, MRI Union Regional Hospital, S.W. Regan, and from Dr. Stephen Hipp.
6. The issues presented are:
 a) Whether the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer on September 5, 1995?
 b) What benefits is the plaintiff entitled to under the North Carolina Workers' Compensation Act?
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows
 FINDINGS OF FACT
1. The plaintiff-employee was hired by Boggs Paving as a roller operator in June of 1995.
2. While working for Boggs Paving in June of 1995, the plaintiff-employee testified that he became overheated and that his left arm was "shaky" as a result of heat spasms.
3. The plaintiff-employee did not describe an accident, unusual occurrence nor any specific incident which caused these spasms and the plaintiff-employee did not miss any time from work as a result of this incident in June of 1995.
4. On or about September 5, 1995, the plaintiff-employee testified that he was scattering asphalt with a shovel when he made a "wrong move" and felt a pinch or cramp in his neck.
5. The plaintiff-employee stated that he notified his foreperson, George Chambers, about the injury later in the afternoon. The plaintiff-employee worked the entire day of his alleged injury and continued to work for Boggs Paving over the next few weeks.
6. The plaintiff-employee stated that he notified his supervisor, Greg Miller, of his work-related injury a day or two after the injury allegedly occurred. Greg Miller, Christopher Boggs and Michelle Hinson all testified that the plaintiff-employee told them of his alleged injury only after some weeks had passed after the alleged injury date. It is hereby found as fact that the plaintiff-employee failed to notify anyone at Boggs Paving about his alleged injury until several weeks later.
7. On September 22, 1995, the plaintiff-employee complained of chest pains and shortness of breath to Christopher Boggs, the owner of Boggs Paving, Inc. Mr. Boggs told the plaintiff-employee to go to the Urgent Care Center with George Chambers, the plaintiff-employee's foreperson, for medical treatment.
8. The first date that anyone affiliated with the defendant-employer, Boggs Paving, was notified by the plaintiff-employee of his alleged injury was September 22, 1995.
9. The plaintiff-employee returned to work at Martin's Textile Sheet Metal on December 19, 1995, earning wages greater than or equal to that which he earned while employed at Boggs Paving.
10. The plaintiff-employee was ultimately referred to Dr. Stephen Hipp, a neurosurgeon, for treatment. Dr. Hipp diagnosed the plaintiff-employee with spondylosis between the fifth and sixth vertebrae with a soft disc rupture.
11. Plaintiff-employee's spondylosis was pre-existing and was not caused by the plaintiff-employee's alleged injury. Plaintiff-employee's disc rupture could have occurred without a specific traumatic incident.
12. According to Dr. Hipp, it was impossible to determine when the plaintiff-employee had the disc rupture or the cause of the plaintiff-employee's disc rupture to any degree of medical certainty.
13. The plaintiff-employee claims that he sustained a traumatic incident on or about September 5, 1995 and reported it to his supervisors. However, the supervisors give a different version. Having weighed the testimony of both parties, the Deputy Commissioner gave more weight to the testimony of the defense witnesses. The Full Commission declines to reverse the credibility determination by the Deputy Commissioner and finds that the plaintiff-employee did not carry his burden of proving an injury by accident.
14. The plaintiff-employee's left-sided disc rupture at the C5-6 level was not caused by the specific traumatic incident alleged by the plaintiff-employee.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The plaintiff did not sustain an injury by accident arising out of and in the course and scope of his employment or as a result of a specific traumatic incident of the work assigned with defendant on or about September 5, 1995. N.C. GEN. STAT. § 97-2(6). The plaintiff has failed to carry his burden of proof of a specific traumatic incident on or about September 5, 1995.
2. The plaintiff failed to carry the burden of proof to establish that he injured himself at work. The plaintiff has produced no medical evidence to demonstrate a reasonable probability that the alleged incident on or about September 5, 1995 caused his injuries. Since the plaintiff has failed to carry his burden of proof in this case, he is not entitled to benefits under the Workers' Compensation Act. Click v. Pilot FreightCarriers, Inc., 300 N.C. 164, 265 S.E.2d 389 (1980).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The plaintiff's claim is and under the law must be DENIED.
2. Each party shall bear their own costs.
This the ___ day of November 1998.
 S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _____________________ THOMAS J. BOLCH COMMISSIONER
S/ _____________________ DIANNE C. SELLERS COMMISSIONER