Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with some modification.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. On 17 April 1998, an employment relationship existed between plaintiff-employee and defendant-employer.
3. On 17 April 1998, Travelers was the carrier at risk.
4. Plaintiffs average weekly wage is to be determined.
5. Industrial Commission Forms 18, 19, 33 and 33R were stipulated into evidence as Stipulated Exhibit #2.
6. Plaintiffs medicals, received following the hearing before the Deputy Commissioner, are admitted into evidence.
7. An Industrial Commission Form 22, received 5 October 1999, is admitted into evidence.
8. Plaintiffs payroll records, received following the hearing before the Deputy Commissioner, are admitted into evidence.
9. The issues to be determined are whether plaintiff sustained a compensable injury on 17 April 1998; and, if so, to what, if any, benefits is he entitled. Defendants have further raised the issues of notice pursuant to N.C. GEN. STAT. 97-22 and credit for short-term disability.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. On 17 April 1998, plaintiff was a 39 year old male employed by defendant as a Heat Treat Operator. This position involved using a crane to lift bins containing steel parts. These bins weighed approximately 200250 pounds when loaded.
2. Plaintiff alleges he sustained an injury at work the evening of 17 April 1998. Plaintiffs normal work hours were 10:00 p.m. to 6:00 a.m. Plaintiff alleges he felt a pop in his back while lifting a bin of steel parts approximately 11:00 p.m. to midnight. Plaintiff further alleges he immediately informed his supervisor, Paul Edmondson, of the injury and Mr. Edmondson directed plaintiff to go to Johnston County Memorial Hospital Emergency Room for treatment. Plaintiff alleges he immediately left work and went to the emergency room and received treatment.
3. There are no records indicating plaintiff sought treatment from Johnston Memorial Hospital Emergency Room on 17 April 1998. However, some incomplete records, including nurses notes and a discharge sheet, indicate plaintiff was seen at the emergency room on 19 April 1998. There was no testimony concerning any alleged injury on 19 April 1998. At the time of the hearing before the Deputy Commissioner, the parties counsel had not yet obtained the 19 April 1998 emergency room record. Furthermore, the emergency room record references plaintiff checked in at 9:43 p.m. and was discharged at 11:35 p.m. These hours do not coincide with plaintiffs work hours and alleged date of injury. Plaintiff did not report a work-related injury at the hospital.
4. Plaintiffs supervisor saw plaintiff at work after midnight of 17 April 1998. Plaintiff did not report to his supervisor that he had been injured at work. When plaintiff called Mr. Edmondson to let him know he would miss a few days of work due to his back, Mr. Edmondson specifically asked plaintiff if the back pain was work-related and plaintiff responded that it was not work-related. On a later occasion, plaintiff informed Robin Feldenzer, defendant-employers Human Resources Manager, that his back condition was not work-related.
5. Plaintiffs 22 April 1998 MRI revealed a mild disc herniation. Plaintiff received treatment from Dr. Alioto beginning 30 April 1998. Plaintiff complained to Dr. Alioto of chronic back problems. Although plaintiff told Dr. Alioto that his job aggravated his back, plaintiff did not report to Dr. Alioto a specific traumatic incident to his back.
6. Plaintiff was involved in an automobile accident in February 1998 and reported back pain at that time.
7. Plaintiff received sixteen weeks of short-term disability through a plan funded by defendant-employer totaling $4,320.00.
8. Plaintiff has not returned to work for defendant-employer, although defendant-employer offered plaintiff work within the restrictions Dr. Alioto provided.
9. The greater weight of the evidence does not support plaintiffs claim that an incident on 17 or 19 April 1998 caused his disc herniation. None of the medical records reflect any report of a work-related injury. The parties did not depose the medical providers in this case.
10. Plaintiffs disability, if any, is not related to an incident at work on either 17 or 19 April 1998.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to carry the burden of proving that his alleged incident of either 17 or 19 April 1998 was the proximate cause of his subsequently-diagnosed herniated disc and resulting back problems. Accordingly, plaintiff has not met his burden of proving by the greater weight of the evidence that he sustained a compensable injury by accident arising out of and in the course of his employment to his back on 17 or 19 April 1998. N.C. Gen. Stat. 97-2(6); Click v. Freight Carriers,300 N.C. 164, 265 S.E.2d 389 (1980).
2. Therefore, since plaintiffs claim is not compensable, the Full Commission does not reach defendants issues of notice and credit for short-term disability.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiffs claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
This the ___ day of July 2001.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
LKM/mhb