***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are subject to the North Carolina Workers' Compensation Act.
2. On the date of injury, an employer-employee relationship existed.
3. Plaintiff's average weekly wage was $500.00.
4. On September 25, 2000, plaintiff was involved in a compensable injury by accident which arose out of and in the course of her employment.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of hearing, plaintiff was 34 years old and enrolled as a sophomore at Shaw University. Plaintiff worked for defendants from November 11, 1998 through June 6, 2001.
2. Plaintiff began employment as a "lead driver." As a lead driver, she was on stand-by for the occasion that a full time driver could not work. During her employment with defendants, a contract for services existed between defendants and the Guilford County School System to provide transportation for special needs children.
3. When plaintiff acted as a driver, she would operate a small minivan or van which was specifically equipped to transport handicapped or special needs children.
4. In January, 2000, plaintiff received a promotion from lead driver to "Routing Specialist." As a Routing Specialist she was responsible for charting the routes of the buses, managing accounts receivable, and providing directional assistance for drivers who experienced traffic delays on charted routes. Plaintiff also assisted with paperwork associated with adding or dropping children to routes and following up with contracts for new business.
5. With respect to the accident of September 25, 2000, plaintiff testified that although she was the Routing Specialist, she was required to drive a van on this date because one of the lead drivers was out.
6. On September 25, 2000, plaintiff was on New Garden Road in Greensboro, North Carolina. On that date, it was raining and she saw a car spinning out of control. She hit her brakes, but the car hit the van.
7. Following the injury by accident, plaintiff immediately reported to U.S. Health Works. Medical records reflect that she was examined by Dr. K. H. Ainsworth and diagnosed with a trapezius spasm, mild contusion to her abdominal wall and a mild strain to her right rib. Dr. Ainsworth discharged plaintiff to return to work and provided a prescription of Flexeril and Ibuprophen for pain and muscle spasms. As instructed by Dr. Ainsworth, plaintiff returned for a follow up visit on September 27, 2000. At that time, she was provided work restrictions of no prolonged walking, no forceful pushing or pulling, no lifting more than 20 pounds and no driving.
8. According to medical records from Dr. Ainsworth, plaintiff continued on similar work restrictions until October 16, 2000. At that time, medical records reflect that plaintiff's condition had "plateaued" but plaintiff was referred for additional evaluation. Plaintiff was referred to Dr. Phillips Carter of Greensboro Orthopedic Clinic.
9. Records from Dr. Carter consist of only one office visit which occurred November 2, 2000. At that time, plaintiff provided a history of continued pain in the right outer lower rib cage. Dr. Carter diagnosed a costochondral separation, did not note any back pain, instructed plaintiff to stay out of work due to aggravation from driving and prescribed pain medication. Dr. Carter's medical records indicate that he anticipated full recovery within a six week period.
10. There is no indication that plaintiff returned to either Dr. Ainsworth or Dr. Carter after November 2, 2000. However, Dr. Carter's notes reflect that on November 9, 2000, he released plaintiff and she was instructed to return to work as a Routing Specialist provided that she did not need to operate a van during the restricted period.
11. Medical records reflect plaintiff called Dr. Carter's office regarding an aggravation of the injury on December 14, 2000. An appointment was set for December 18, 2000 but there is no indication that plaintiff returned for follow up treatment. Furthermore, plaintiff testified that since November 2000, she has not received any further medical treatment.
12. According to plaintiff, the pain in her neck and abdomen has completely resolved but she now experiences pain in her back on a daily basis. Plaintiff alleges that she tore cartilage in her back but offered no medical evidence, either medical records or expert testimony, to support such allegations.
13. Plaintiff claims that as a result of her injury, immediately following the accident, she lost three weeks of work. However, plaintiff did return to full duty work and continued to work with defendants until June 6, 2001. At that time, defendants lost the service contract with the Guilford County School System. Therefore, plaintiff's services were no longer required and she was terminated.
14. Plaintiff does not allege that her medical condition, if any, contributed to her termination. Plaintiff did not return to work until August 6, 2002. Plaintiff offered no medical evidence, either medical records or expert testimony, to establish that her unemployment was in any way associated with a medical condition resulting from the September 25, 2000 injury by accident.
15. Plaintiff returned to work with the North Carolina School of the Arts, where she continues to be employed. She is employed as an office manager and currently earns a salary of $20,500.
16. During the hearing, plaintiff was the sole witness to provide testimony. Following the hearing, no further evidence was taken. There is no evidence that the defendants have not paid those bills for treatment in which they are responsible.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to show by the greater weight of the evidence the extent of any disability beyond the medical treatment provided or that any symptoms and pain she now experiences are due to her accident of September 25, 2000. Click v. Pilot Freight Carriers, 265 S.E.2d 389
(1980); N.C. Gen. Stat. §§ 97-2(6), 97-29.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for further benefits under the law must be and is hereby denied.
2. Each side shall pay its own costs.
This the 19th day of February 2004
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER
DCS/mb