* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour, with modifications.
 * * * * * * * * * * * MOTION TO RE-OPEN RECORD
By motion dated March 17, 2006, plaintiff has requested that the record in the present case be re-opened to admit evidence that plaintiff's rheumatoid arthritis, osteoarthritis, and myofascial pain syndrome are due to causes and conditions which are characteristic of and peculiar to his particular employment, and not ordinary diseases of life to which the general public is equally exposed outside of the employment. However, plaintiff has made no assertion that such evidence was unavailable at the time of her hearing before the Deputy Commissioner. Instead, plaintiff apparently believed she had presented sufficient evidence to permit the Commission to infer the above relationship between plaintiff's injury and his employment, and only upon the suggestion by the Commission that such a relationship must be demonstrated through expert medical testimony does plaintiff now seek permission to introduce such additional evidence into the record.
Plaintiff was entitled under the Workers' Compensation Rules of the North Carolina Industrial Commission to present all relevant evidence concerning her case at a hearing before the Commission, in the person of Deputy Commissioner Baddour. At that hearing (and in its associated depositions), and for reasons known solely to plaintiff, plaintiff chose not to elicit expert medical testimony concerning whether plaintiff's employment placed him at increased risk for his injuries as compared with the general public. Based upon the evidence before him, Deputy Commissioner Baddour then rendered an Opinion and Award on behalf of the Commission. In light of Deputy Commissioner Baddour's Opinion and Award, plaintiff seeks to correct what now appears to her to have been a strategic error in her presentation of evidence. Unfortunately for plaintiff, the Full Commission is not in a position to correct plaintiff's own strategic errors on appeal. Accordingly, and pursuant to the discretion of the Full Commission under Rule 701(6), plaintiff's motion is hereby DENIED.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Travelers Insurance Company is the carrier on the risk.
3. An employee-employer relationship existed between the relevant parties at all relevant times.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed by defendant-employer as a head technician from 1992 until 2002.
2. Since 1996, plaintiff has treated with Dr. Gwenesta Melton, a rheumatologist, for conditions of rheumatoid arthritis, osteoarthritis, and myofascial pain syndrome.
3. Plaintiff's health conditions were aggravated by his working excessive overtime hours for defendant-employer. Plaintiff does not allege an injury by accident.
4. Dr. Melton testified, and the Full Commission finds as fact, that plaintiff's employment with defendant-employer did not cause, but did aggravate, his rheumatoid arthritis, osteoarthritis, and myofascial pain syndrome. However, Dr. Melton offered no evidence that plaintiff's job placed him at a greater risk of developing his arthritis, osteoarthritis, and myofascial pain syndrome than the general public.
5. While the medical evidence of record establishes that plaintiff's employment with defendant-employer aggravated his arthritis, osteoarthritis, and myofascial pain syndrome, and the Full Commission reasonably infers from the facts that the excessive overtime work by plaintiff placed him at an increased risk for such aggravation, there was no medical evidence to establish that plaintiff's employment placed him at a greater risk of developing these conditions than the general public.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. To establish an occupational disease under N.C. Gen. Stat. §97-53(13), a claimant must show that the employment exposed him or her to a greater risk of contracting the disease than the public generally.Rutledge v. Tultex Corp., 308 N.C. 85, 301 S.E.2d 359 (1983). In addition, the claimant must show that the employment significantly contributed to, or was a significant causal factor in, the disease's development. Hardin v. Motor Panels, Inc., 136 N.C. App. 351,524 S.E.2d 368 (2000) (citing Rutledge v. Tultex Corp., 308 N.C. 85,301 S.E.2d 359 (1983)). Where the condition may have been aggravated but not originally caused by the plaintiff's employment, a claimant must still show that the employment placed him or her at a greater risk for contracting or developing the condition. "Evidence tending to show that the employment simply aggravated or contributed to the employee's condition goes only to the issue of causation, the third element of the Rutledge test." Futrell v. Resinall Corp., 357 N.C. 158, 579 S.E.2d 269
(2003).
2. Although the Full Commission might reasonably infer from the facts that plaintiff's excessive overtime put him at an increased risk, the element of increased risk for a medical condition must be shown by competent medical evidence. Here, there was no such evidence. Click v.Pilot Freight Carriers, Inc., 300 N.C. 164, 265 S.E.2d 389 (1980). N.C. Gen. Stat. § 97-53(13).
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Defendants shall pay the costs.
This 29th day of March, 2006.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_________________ BUCK LATTIMORE CHAIRMAN
 S/_________________ DIANNE C. SELLERS COMMISSIONER