***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. Accordingly, the Full Commission affirms, with some modifications, the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS 1. The parties are subject to the Workers' Compensation Act. *Page 2 
2. An employee-employer relationship existed between the plaintiff and defendant-employer.
3. The carrier liable on the risk is correctly named above.
4. Plaintiff sustained an injury on or about December 12, 2001, with the exact date to be determined by the Industrial Commission.
5. The injury arose out of and in the course of employment and is compensable.
6. Plaintiff has an average weekly wage of $515.41.
7. The following stipulated documents have been entered into the record:
 a. Pre-Trial Agreement;
 b. Medical Records;
 c. Industrial Commission Forms; and
 c. Discovery Responses.
 ISSUES
1. Plaintiff's proposed issues for determination:
 a. Is plaintiff entitled to ongoing medical treatment for her temporomandibular joint dysfunction caused by injuries sustained in the accident arising out of and in the course of her employment?
 b. Is plaintiff entitled to have medical bills related to treatment for her temporomandibular joint dysfunction paid for injuries sustained in the accident arising out of and in the course of her employment?
2. Defendants proposed issues for determination:
 a. Is plaintiff's temporomandibular joint dysfunction related to and arising out of her December 12, 2001, injury by accident or is it more likely than *Page 3 
not an unrelated condition that did not arise from plaintiff's December 12, 2001, injury by accident?
 b. What benefits or treatment, if any, is plaintiff entitled to regarding only plaintiff's temporomandibular joint dysfunction?
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 54 years old. Plaintiff is a registered nurse and has worked in the nursing field for 21 years, with two years of employment with defendant-employer as a pediatric nurse. Plaintiff has certifications as an HIV Instructor and Tuberculosis (TB) Instructor.
2. On December 12, 2001, plaintiff was a seat-belted passenger in a car that belonged to her patient's mother. Plaintiff was seated in the right front passenger seat. The car was struck on the driver's side by another car going approximately 50 miles an hour. The force of the collision spun the car around allowing the car to be struck again, this time on the passenger side. Plaintiff testified that her head hit the car door during the accident.
3. Immediately after the accident, plaintiff went to the emergency room at Pender Memorial Hospital, with complaints of neck, back, left hand, left shoulder, sternum, right groin, low back, and hip pain. The emergency room report indicated "no evidence of trauma to the head." The x-ray reports indicated "no bone or joint abnormality" in the left shoulder, "negative left shoulder," "negative chest," "negative right femur," "negative left thumb," "normal cervical *Page 4 
spine examination with particular reference to the first four cervical vertebrae." Plaintiff was provided pain medications and released for continued treatment with her own doctor.
4. On December 20, 2001, plaintiff presented to Dr. John A. Azzato, an orthopedic specialist, with complaints of pain in her left arm and hand as well as her back. Plaintiff made no complaint of facial pain or head trauma.
5. On January 7, 2002, plaintiff again presented to Dr. Azzato and made her first complaints of "popping in her ears." Dr. Azzato recommended that plaintiff see Dr. Lizak, an ear, nose and throat specialist. Dr. Azzato further recommended that plaintiff start physical therapy for her shoulder, neck and hand. Plaintiff began physical therapy with Southeastern Rehab, P.A. On February 4, 2002, plaintiff again complained of popping in her ears to Dr. Azzato, who again referred her to Dr. Lizak.
6. On February 25, 2002, plaintiff complained to her physical therapist of numbness in the back of her head and called Dr. Azzato's office regarding four to five hours of "numbness on the left side of scalp."
7. On March 27, 2002, plaintiff presented to Dr. Lizak, the ear, nose and throat specialist, regarding ringing in her ear and jaw pain. Plaintiff reported to Dr. Lizak that she had hit her head and ear in a car accident. Dr. Lizak opined that plaintiff had sensorineural hearing loss with tinnitus and temporomandibular joint ("TMJ") dysfunction. Dr. Lizak recommended warm compressions, massage, soft diet and Tylenol for the TMJ dysfunction. When the TMJ symptoms did not subside, Dr. Lizak recommended that plaintiff consult with her dentist. On November 7, 2002, plaintiff returned to Dr. Lizak with complaints of tinnitus but he again referred her to her dentist for the TMJ dysfunction. *Page 5 
8. At the request of defendants, Dr. Milligan, a dentist, performed an independent medical examination of plaintiff on January 15, 2003. Dr. Milligan diagnosed plaintiff with retrodiscitis. Dr. Milligan stated that he made an additional diagnosis of TMJ dysfunction as a result of the referred pain that came from the cervical region.
9. Dr. Milligan opined to a reasonable degree of medical certainty that plaintiff's automobile accident on December 12, 2001 caused her TMJ dysfunction.
10. On April 23, 2003, plaintiff underwent an anterior cervical discectomy and fusion at C5-6, C6-7.
11. On August 19, 2003, plaintiff again presented to Dr. Milligan. At his deposition, Dr. Milligan testified that non-treatment of the TMJ disorder could make successful treatment of plaintiff more difficult and more involved. He further opined that plaintiff had pre-existing dental problems that must be corrected in order to provide the treatment necessary to correct the TMJ disorder caused by the compensable accident. Dr. Milligan testified and the Full Commission finds that his treatment recommendations are reasonably required to effect a cure, provide relief or lessen plaintiff's period of disability.
12. The Full Commission finds that plaintiff has established to a reasonable degree of medical certainty that her temporomandibular disorder is causally related to the accident of December 12, 2001.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following: *Page 6 
 CONCLUSIONS OF LAW
1. In order to have a compensable claim for workers' compensation benefits, there must be proof of a causal relationship between the injury and the employment. Booker v. Medical Center, 297 N.C. 458, 475,256 S.E.2d 189, 200 (1978).
2. Where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury. Click v. FreightCarriers, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980).
3. Plaintiff sustained injuries by accident to her head, neck, back, mouth, and right leg arising out of and in the course and scope of her employment with defendant-employer on December 12, 2001. N.C. Gen. Stat. § 97-2 (6).
4. Plaintiff is entitled to have defendants provide all medical expenses incurred or to be incurred as a result of her compensable injuries on December 12, 2001, including treatment for her temporomandibular joint disorder, as may be reasonably required to effect a cure, provide relief or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19); 97-25.
5. Defendants have defended this matter with reasonable grounds. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff is entitled to have defendants provide all medical expenses incurred or to be incurred as a result of her compensable injuries, including treatment for her *Page 7 
temporomandibular joint disorder, as may be reasonably required to effect a cure, provide relief or lessen the period of disability.
2. Defendants shall pay an expert witness fee for Dr. Milligan in the amount of $675.00.
3. Defendants shall pay the costs of the proceeding.
This the ___ day of May 2007.
 S/______________________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________________ CHRISTOPHER SCOTT COMMISSIONER.