The undersigned respectfully dissents from the Opinion and Award of the majority finding plaintiff's back condition to be compensable under the North Carolina Workers' Compensation Act. The greater weight of the evidence fails to establish that plaintiff sustained an injury to his back in the course and scope of her employment with defendant.
Plaintiff has the burden of proving every element of compensability, including causation. Whitfield v. Lab Corp. of Am., 158 N.C. App. 341,581, S.E. 2d 778 (2003). Plaintiff has failed to meet his burden of establishing a causal relationship between his work injury on August 26, 2003 and his low back pain. Booker v. Duke Medical Center, 297 N.C. 458,256 S.E. 2d 189 (1979). "Where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." Click v. Pilot Freight Carriers, Inc., 300 N.C. 164, 167,265 S.E. 2d 389, 391 (1980).
The majority concludes that plaintiff's accident caused plaintiff's back condition or materially aggravated or accelerated a pre-existing non-disabling back condition. However, the greater weight of the evidence is to the contrary. On August 29, 2003, plaintiff sought medical treatment for his August 26, 2003 motor vehicle accident while working for defendant. Plaintiff did not *Page 8 
make any complaints of low back pain at that time. Plaintiff's Industrial Commission Form 18 dated September 7, 2004 only indicates injury to plaintiff's neck, left ribcage, and left leg. However, plaintiff claims that his low back pain is somehow compensable. Plaintiff did not make any complaints of low back pain until February 8, 2005. Dr. Huffmon then diagnosed plaintiff with low back degenerative disc disease and indicated that it was plaintiff's degenerative disc disease that was causing plaintiff's low back pain.
Dr. Huffmon was not able to give an opinion that plaintiff's low back condition was caused by plaintiff's accident. Dr. Huffmon was only able to say that the accident could have aggravated plaintiff's degenerative disc disease. However, could or might testimony is insufficient to prove causation. Holley v. Acts, Inc., 357 N.C. 228, 581 S.E.2d 750 (2003). Furthermore, Dr. Knab could only testify that if plaintiff's symptoms started after the alleged date of injury with no prior history that plaintiff's low back pain was caused by his accident. However, a temporal relationship between an alleged incident and a claimant's medical condition is insufficient to establish causation. Young v.Hickory Business Furniture, 353 N.C. 227, 538 S.E. 2d 912 (2000).
Based upon the greater weight of the evidence, plaintiff has failed to prove that his low back condition was caused or aggravated by his August 26, 2006 accident. For the foregoing reasons the undersigned respectfully dissents from the majority.
This the 28th day of May, 2008.
 S/_______________________ BUCK LATTIMORE COMMISSIONER *Page 1