The undersigned respectfully dissents from the majority Opinion and Award concluding that plaintiff suffered a compensable occupational disease while employed with defendant. The greater weight of the competent evidence proves that plaintiff did not establish that her job with defendant placed her at a greater risk of developing an occupational disease of bilateral shoulder bursitis or shoulder impingement or that her condition was causally related to her employment with defendant.
In order to prove that she suffered a compensable occupational disease under N.C. Gen. Stat. § 97-53(17), plaintiff must establish (1) that her disease or condition is characteristic of persons engaged in the particular trade or occupation in which the claimant is engaged; (2) that plaintiff's disease or condition is not an ordinary disease of life to which the public generally is equally exposed with those engaged in that particular trade or occupation, and (3) there is a causal connection between the disease and plaintiff's employment with defendant. Rutledge v. Tultex Corp., 308 N.C. 85, 93, 301 S.E.2d 359,365 (1983). The first two elements of the three-prongedRutledge test are satisfied where plaintiff can show that the employment exposed her to a greater risk of contracting the disease than the public generally. Id. at 94, 301 S.E.2d at 365. An employee does not carry her burden of proof by showing merely that the employment put her at greater risk of aggravating or accelerating any pre-existing condition. Rather, plaintiff must show that the employment put her at an increased risk of developing or contracting the particular *Page 13 
condition as compared to the general public. See Futrell v. ResinallCorp., 151 N.C. App. 456, 566 S.E.2d 181 (2002), aff'd per curiam,357 N.C. 158 (2003).
In the case sub judice, plaintiff presented insufficient evidence that her employment with defendant exposed her to a greater risk of developing bilateral shoulder bursitis or shoulder impingement as compared to the general public. The evidence offered by plaintiff on this issue was speculative, conjectural, and was contradicted by more competent testimony.
In addition, plaintiff has failed to sufficiently meet her burden of proof that her condition was causally related to her employment with defendant. Rutledge, 308 N.C. 85, 93, 301 S.E.2d 359, 365 (1983). In establishing causation in cases that involve complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury. Holley v. ACTS, Inc., 357 N.C. 228, 232,581 S.E.2d 750, 753 (2003) (quoting Click v. Pilot Freight Carriers, Inc.,300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980)). When the expert opinion testimony is based merely upon speculation and conjecture, it is not sufficiently reliable to qualify as competent evidence on issues of medical causation. Young v. Hickory Business Furniture, 353 N.C. 227,230, 538 S.E.2d 912, 915 (2000). When Dr. Brenner's testimony is taken as a whole, Dr. Brenner was only able to speculate on the issue of causation. In Dr. Brenner's opinion, the intermittent pressure involved in plaintiff's employment was the type of mundane intermittent pressure that was noninjurious to the shoulder structure. The majority also relies on the testimony of Dr. Burch, a chiropractor. However, Dr. Burch's testimony regarding plaintiff's bilateral shoulder condition exceeds his scope of expertise. In addition, Dr. Burch had not reviewed plaintiff's prior medical records and was not aware until the date of his deposition that plaintiff had complaints of *Page 14 
bilateral shoulder and neck pain dating back to 1999. Therefore, little to no weight should be given to Dr. Burch's testimony as to causation.
Based upon the greater weight of the evidence, plaintiff has failed to establish that her employment with defendant placed her at a greater risk for developing shoulder bursitis than that of the general public and that her condition was causally related to her employment with defendant. As such, plaintiff failed to prove that she suffered a compensable occupational disease as a result of her employment with defendant. Based upon the foregoing reasons, the undersigned respectfully dissents.
 This the 28th day of August, 2008. *Page 1