The undersigned respectfully dissents from the majority's opinion reversing Deputy Commissioner Glenn's March 16, 2007 Opinion and Award and granting workers' compensation benefits. The greater weight of the evidence does not prove that plaintiff sustained a compensable injury.
Plaintiff has the burden of proving every element of compensability, including causation. Whitfield v. Lab Corp. of Am., 158 N.C. App. 341,581, S.E. 2d 778 (2003). Plaintiff has failed to meet his burden of establishing a causal relationship between his alleged work injuries and his employment with defendant. Booker v. Medical Center, 297 N.C. 458,256 S.E. 2d 189 (1979). Where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to causation. Click v. FreightCarriers, 300 N.C. 164, 265 S.E. 2d 389 (1980).
Dr. Byrd and Dr. Thorwarth were the only medical experts to testify in plaintiff's claim for benefits. Dr. Byrd testified that plaintiff did not relate having been injured at work and that plaintiff was unaware of how his injury occurred. Dr. Byrd opined that the alleged injury as described by plaintiff could be a significant factor in plaintiff's complaints and MRI findings. Dr. Thorwarth testified that he could not give an opinion as to causation. Dr. Thorwarth could only testify that if plaintiff's alleged timeline of injury was accepted as fact, then plaintiff's symptoms started after the alleged date of injury. However, a temporal relationship between an *Page 17 
alleged incident and a claimant's medical condition is insufficient to establish causation. Young v. Hickory Business Furniture, 353 N.C. 227,538 S.E. 2d 912 (2000). Dr. Thorwarth also testified that plaintiff's mechanism of injury as described by plaintiff can cause disc bulges as on plaintiff's MRI. This testimony is insufficient. It is a well-settled principle that could or might expert testimony will not suffice to prove causation where there is evidence showing the expert's opinion to be based on speculation. Id.
Furthermore, plaintiff's testimony should be given little credibility and weight. Although plaintiff reports that he was injured at work on December 28, 2004, plaintiff did not seek medical treatment for this alleged injury until approximately four weeks later at which time plaintiff indicated that he had not been injured on the job and was not sure of the source of his injury. Furthermore, evidence has not been presented to corroborate plaintiff's testimony. However, there has been ample evidence and testimony to discredit plaintiff's alleged work injury.
The greater weight of the evidence supports the conclusion that plaintiff has failed to prove that he sustained a compensable injury by failing to establish causation between his alleged injuries and his employment with defendant. For the foregoing reasons the undersigned respectfully dissents.
This the 20th day of February, 2008.
S/___________________ BUCK LATTIMORE COMMISSIONER