***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence. The Full Commission adopts the Opinion and Award of Deputy Commissioner Stephenson with minor modifications.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the parties and the subject matter of this claim. *Page 2 
2. All parties have been correctly designated, and there is no questions as to misjoinder or nonjoinder of all parties.
3. The parties were subject to the Workers' Compensation Act at the time of the alleged injury.
4. An employer/employee relationship existed between the parties at the time of the alleged injury.
5. The employer in this case is Mountaire Corporation and the carrier liable on the risk is Old Republic Insurance Company.
6. At the time of plaintiff's alleged injury, his average weekly wage was $729.61 which yields a compensation rate of $486.43.
7. Plaintiff alleges that he suffers from a pulmonary occupational disease as a result of his exposure to chickens.
8. Plaintiff last worked for defendant-employer in early January 2005. Plaintiff was terminated on April 7, 2005 following the expiration of his twelve weeks of leave under the Family Medical Leave Act (FMLA).
9. The proposed issues for determination are as follows:
 (a) Whether plaintiff suffers from a compensable occupational disease?
 (b) If so, to what benefits is plaintiff entitled?
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing of this matter before the deputy commissioner, plaintiff *Page 3 
was a 54 year old male. Plaintiff was previously employed by defendant-employer as a live haul driver in which he transported live chickens from grower farms to the defendant-employer's facility. Plaintiff's job duties required plaintiff to be around chickens on a daily basis and exposed plaintiff to chicken related allergens including chicken proteins.
2. Prior to his employment with defendant-employer, plaintiff worked for Tri-State Delivery from January of 1999 through early 2001. Plaintiff's job duties at Tri-State Delivery required him to drive through the southwestern and western United States.
3. Plaintiff was likely exposed to cocci fungus while working for Tri-State Delivery as cocci fungus is common in the southwestern and western United States, but not in the eastern United States.
4. In September of 2001, plaintiff's bronchoscopy cultures performed at Moore Regional Hospital were positive for cocci fungus. Plaintiff treated at Moore Regional Hospital in 2001 for this condition and experienced respiratory failure requiring intubation. Plaintiff subsequently left the hospital against medical advice before receiving full treatment and without receiving antifungal antibiotic coverage for his cocci fungal infection.
5. Medical evidence indicates that plaintiff's cocci fungus generally remained dormant until plaintiff began coughing up phlegm in early January 2005 requiring plaintiff to undergo inpatient treatment at UNC Hospitals from January 24, 2005 through March 1, 2005. During his treatment, plaintiff was diagnosed with bilateral pulmonary cavitary abscesses consistent with coccidioidomycosis and superimposed bacterial pneumonia.
6. Plaintiff completed a Mountaire Employee's Medical Benefit Trust form on January 26, 2005 indicating that the fungus that he is infected with is only on the west coast of the United States and that if he had not driven a truck in the western United States, he would not *Page 4 
have an infection and complications.
7. Plaintiff's job duties as a live haul driver with defendant-employer required plaintiff to drive a truck in southeastern North Carolina and northeastern South Carolina.
8. As of April 26, 2005, plaintiff was doing well with steadily improving exercise tolerance and marked improvement in his functional level according to Dr. Eagan of UNC Hospitals.
9. Defendants referred plaintiff for an evaluation with Dr. William Credle of Wilmington Health Associates. Dr. Credle evaluated plaintiff on July 14, 2006. Plaintiff told Dr. Credle that he worked around chickens and that he got sick working around chickens. Plaintiff submitted to a pulmonary function test, which revealed an asthmatic condition indicative of some obstruction. Dr. Credle stated in his record that he believed plaintiff suffered from hypersensitivity pneumonitis developed as a result of exposure at work. Dr. Credle was skeptical of the diagnosis of cocci as Dr. Credle testified at his deposition that he did not realize that plaintiff had previously driven a truck in the southwestern and western part of the United States.
10. Plaintiff treated at Pinehurst Medical Clinic with Dr. Clyde Southwell on March 28, 2007. Dr. Southwell recommended diagnostic testing to further evaluate plaintiff's condition. Plaintiff underwent a CAT scan of the chest, a hypersensitivity panel, and serologies. Dr. Southwell stated on April 23, 2007 that all diagnostic testing was negative except that it revealed prior lung abscesses and likely fungal infection. Dr. Southwell indicated that his current evaluation of plaintiff could not directly make an association between plaintiff's chicken exposure at work and plaintiff's condition. Dr. Southwell believed that much of plaintiff's dyspnea was attributable to cardiac dysfunction. A stress test had revealed that plaintiff did have *Page 5 
cardiac dysfunction.
11. Dr. Southwell opined that plaintiff's job duties did not significantly contribute to the development of any of plaintiff's pulmonary conditions. Regarding Dr. Credle's evaluation of plaintiff, Dr. Southwell was of the opinion that Dr. Credle did not have enough information in the form of diagnostic testing results and history from plaintiff to render anything more than a wide differential diagnosis.
12. Dr. Credle testified that in his opinion, based on the diagnostic testing results obtained by Dr. Southwell, it is unlikely that plaintiff's job duties with defendant-employer significantly contributed to the development of any of plaintiff's pulmonary conditions.
13. The Full Commission finds as fact that there is insufficient evidence to find by the greater weight that plaintiff's employment with defendant-employer placed him in a position of greater risk than the general public of contracting a compensable occupational disease or that plaintiff's employment with defendant-employer caused plaintiff to develop a compensable occupational disease.
14. Both Dr. Southwell and Dr. Credle are of the opinion that even if plaintiff did suffer from hypersensitivity pneumonitis related to exposure to chickens or chicken proteins, plaintiff's condition should have largely resolved or completely resolved as plaintiff has not worked around chickens since early 2005. Both physicians agree that plaintiff should not work around allergens or pulmonary irritants in the future.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW *Page 6 
1. Plaintiff bears the burden of proving every element of compensability, including causation. Whitfield v. Lab. Corp of Am.,158 N.C.App. 341, 350, 581 S.E.2d 778, 784 (2003). There must be competent evidence to support the inference that the accident in question resulted in the injury complained of. Click v Pilot Freight Carriers, Inc.,300 N.C. 164, 265 S.E. 389 (1980).
2. In order to establish an occupational disease under N.C. Gen. Stat. § 97-53(13), a claimant must show that the employment exposed him to a greater risk of contracting the disease than the public generally.Rutledge v. Tultex Corp., 308 N.C. 85, 301 S.E.2d 359 (1983). In addition, the claimant must show that the employment significantly contributed to, or was a significant causal factor in the development of the disease. Hardin v. Motor Panels, Inc., 136 N.C. App. 351,524 S.E.2d 368, disc. rev. denied, 351 N.C. 473, 543 S.E.2d 488 (2000).
3. Plaintiff has failed to carry his burden of proving by the greater weight of the evidence that his job duties with defendant-employer caused or significantly contributed to plaintiff's contraction of an occupational disease. Id.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Plaintiff's claim that he suffers or suffered from a compensable occupational disease as a result of his employment with defendant-employer is hereby DENIED.
2. Defendants shall bear costs.
This the 23rd day of April 2009. *Page 7 
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1